UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Master File No.
06-CV-1216(JMR/FLN)

In re:  UnitedHealth Group          )
Incorporated Shareholder            )      ORDER
Derivative Litigation               )


Defendants[1] move to dismiss or stay plaintiffs' Amended and
Consolidated Verified Derivative and Class Action Complaint
("Complaint").  Oral argument was heard on February 14, 2007.  Upon
consideration, the motion to dismiss is denied without prejudice.
The motion to stay is granted.

I.  Background

This case arises out of allegations that certain officers and
directors of United Health Group Incorporated ("United") had
granted or received stock options artificially-timed or backdated
to coincide with low points in the company's stock price.
Unsurprisingly, the alleged option backdating has engendered
multiple lawsuits, many of which are lodged in this Court.  The
federal actions in this District have been consolidated before this

---

[1]The motion [Docket No. 136] was originally brought on behalf
of individual defendants McGuire, Hemsley, Spears, Leatherdale,
Ballard, Burke, Johnson, Kean, Mundinger, Ryan, Wilensky, Shalala,
Kaplan, Koppe, Lubben, McDonough, Rivet, Sheehy, Wheeler and Wills,
all current and former officers and Directors of United Health
Group.  On November 22, 2006, defendant McGuire moved to join the
motion insofar as it applied to him.  [Docket No. 166.]  United,
itself a nominal defendant, has also moved to join the motion.
[Docket Nos. 139, 162].  The Court grants the motions of McGuire
and United to join in the motion to dismiss.  For convenience, this
Order will refer simply to "Defendants."

Court.

On April 18, 2006, a shareholder made a demand upon United's Board of Directors to pursue remedies related to the allegedly back-dated options.  The Board responded by appointing a committee of independent directors to review the company's option grant practices and any consequences thereof.

In late April and early May, the Board adopted changes in United's corporate governance and compensation structure.  On June 26, 2006, the Board created a Special Litigation Committee ("SLC"), giving it complete power and authority to investigate all claims raised in the shareholder demand and derivative suits, and to determine whether United should pursue the litigation.  The SLC is not a party to this action, but the Court has received a letter from its counsel.

Defendants move to dismiss plaintiffs' complaint, or alternatively, to stay this litigation pending the decision of the SLC.

II.  Discussion

There is a possibility that United may have legal claims against its officers and directors arising from the alleged back-dating of stock options.  The plaintiffs in the various lawsuits advise the Court that they intend to pursue such claims on United's behalf, through their shareholder derivative action.  Defendants respond that the SLC, rather than the plaintiffs, should decide

whether and how to pursue any claims accruing to the corporation.

Minnesota has enacted legislation which allows corporations to create SLCs "to consider legal rights or remedies of the corporation and whether those rights and remedies should be pursued."   Minn. Stat. § 320A.241, subd. 1 (2006).   The law contemplates the creation of an SLC "made up of disinterested board members or individuals appointed by the board who are charged with informing themselves fully on the issues underlying the derivative suit and deciding whether pursuit of the litigation is in the best interests of the corporation."   Janssen v. Best & Flanagan, 662 N.W.2d 876, 884 (Minn. 2003).   The "key element is that the board delegates to a committee of disinterested persons the board's power to control the litigation."   Id.

Under Minnesota law, when a board properly delegates its authority, courts will defer to the SLC's decision under the business judgment rule.   Id.   In such cases, a reviewing court inquires only whether the SLC is independent, and whether it conducted its investigation in good faith.   Drilling v. Berman, 589 N.W.2d 503, 507 (Minn. Ct. App. 1999); Skoglund v. Brady, 541 N.W.2d 17, 21 (Minn. Ct. App. 1995).   If the answer is "yes," the SLC's decision will be upheld.   Drilling, 589 N.W.2d at 510.

Notwithstanding Minnesota's deference to an SLC, the simple fact of its appointment does not compel dismissal of plaintiffs' derivative claims.   Courts have discretion to stay a derivative

action to allow the SLC time to investigate and decide whether to pursue litigation.  See, e.g., Silverstein v. Larson, 2005 WL 435241, *2 (D. Minn. Feb. 25, 2005) (Montgomery, J.)(unpublished) (granting eight month stay); St. Clair Shores General Employees Retirement Sys. v. Eibeler, 2006 WL 2849783, *2 (S.D.N.Y., Oct. 4, 2006); In re Oracle Corp. Derivative Litig., 808 A.2d 1206, 1211 (Del. Ch. 2002); Strougo v. Padegs, 986 F. Supp. 812, 815 (S.D.N.Y. 1997) (granting three month stay); Abbey v. Computer & Communications Tech. Corp., 457 A.2d 368, 375-76 (Del. Ch. 1983).

The Court also considers that Delaware's courts decline to allow a stay only when confronting unusual circumstances, as in a case where the SLC is "obviously biased." St. Clair Shores, 2006 WL 2849783, *2, citing Biondi v. Scrushy, 820 A.2d 1148, 1165-66 (Del. Ch. 2003); see also Int'l Broad. Co. v. Turner, 734 F. Supp. 383, 393 (D. Minn. 1990) (Doty, J.) (denying stay where SLC members either named as counterclaim defendants, or appointed to company's board as part of challenged transaction); In re Bank of New York Derivative Litigation ("Bank of New York"), 2000 WL 1708173, *3 (S.D.N.Y., Nov. 14, 2000) (denying stay where one SLC member resigned due to conflict of interest, and remainder were named as defendants).  The Court also considers the potential expenditure of time and judicial resources.  See Bank of New York, id. (denying stay where SLC was created more than a year after complaint filed, and discovery was proceeding in parallel state litigation).

Here, the SLC was appointed in June 2006, three months after the original complaint was filed.  In late November, 2006, the Court granted an injunction, presently timed to expire on July 30, 2007.  [Docket No. 169.]  During the hearing on these motions, the Court was assured of the SLC's diligence and dedication to completing its task.  By letter dated February 28, 2007, the SLC advised the Court and the parties of its investigative efforts.  No party has suggested the SLC lacks the power, the independence, or the disinterestedness to complete its work on behalf of United.

Accordingly, IT IS ORDERED THAT:

1.    Except as provided in paragraph 2, this matter is stayed pending a decision of the SLC, or, if a decision has not previously issued, until July 30, 2007.

2.    Discovery is unaffected by this Order.

3.    Defendants' motion to dismiss [Docket No. 136] is denied without prejudice.

IT IS SO ORDERED.

Dated:  March 14, 2007

s/ JAMES M. ROSENBAUM
JAMES M. ROSENBAUM
United States Chief District Judge