**EXHIBIT A-1**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE UNITEDHEALTH GROUP INCORPORATED SHAREHOLDER DERIVATIVE LITIGATION | Master File No. 06-cv-1216 JMR/FLN |

| | |
|---|---|
| **STATE OF MINNESOTA**<br>**COUNTY OF HENNEPIN** | **DISTRICT COURT**<br>**FOURTH JUDICIAL DISTRICT** |
| IN RE UNITEDHEALTH GROUP INCORPORATED DERIVATIVE LITIGATION | Case Type: Other<br>Court File No. 27 CV 06-8085<br>Honorable George F. McGunnigle |

==[PRINTED NOTICE WILL HAVE SPACE FOR SIDE-TO-SIDE CAPTIONS]==

**NOTICE OF PROPOSED SETTLEMENT OF DERIVATIVE LAWSUITS,
JOINT SETTLEMENT HEARING AND RIGHT TO APPEAR**

**TO: ALL CURRENT RECORD AND BENEFICIAL OWNERS OF UNITEDHEALTH GROUP INCORPORATED COMMON STOCK**

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

**I.   WHY ARE YOU RECEIVING THIS NOTICE?**

The purpose of this Notice is to inform you of the proposed settlement (the "Settlements") and dismissal of two consolidated derivative lawsuits brought by shareholders on behalf of UnitedHealth Group, Incorporated ("UnitedHealth" or the "Company"). One lawsuit (the "Federal Lawsuit"), entitled *In re UnitedHealth Group Incorporated Shareholder Derivative Litigation,* Master File No. 06-cv-1216 JMR/FLN, is pending in the United States District Court for the District of Minnesota (the "Federal Court"). Another lawsuit (the "State Lawsuit"), entitled *In re UnitedHealth Group Incorporated Derivative Litigation*, Court File No. 27 CV 06-8085, is pending in the District Court of the State of Minnesota, Hennepin County, Fourth Judicial District (the "State Court"). The Federal Court and the State Court (together, the "Courts") have granted preliminary approval of the proposed settlement of the Federal Lawsuit and the State Lawsuit (together, the "Lawsuits") and ordered that this Notice be sent to UnitedHealth shareholders. The Lawsuits were brought by shareholders of UnitedHealth suing derivatively for the benefit of UnitedHealth to remedy alleged damages incurred by UnitedHealth as a result of alleged stock option "backdating" and other improper awards of stock options to certain UnitedHealth officers and directors.

**Please note that, since these are derivative actions brought by shareholders for the benefit of UnitedHealth, the Settlements provide benefits directly to UnitedHealth, not to shareholders. There are no payments to shareholders and there is no claim form to fill out.**

II.  BACKGROUND: WHAT ARE THESE LAWSUITS ABOUT?

**THE FOLLOWING SHOULD NOT BE UNDERSTOOD AS AN EXPRESSION OF ANY OPINION OF THE COURT AS TO THE MERITS OF ANY OF THE PARTIES' CLAIMS OR DEFENSES.**

Beginning on March 29, 2006, eleven derivative lawsuits were filed in the Federal Court and three derivative lawsuits were filed in the State Court by UnitedHealth shareholders asserting claims against certain of the Company's officers and directors arising from alleged stock option "backdating" and other alleged improper awards of stock options to certain UnitedHealth officers and directors.

On July 7, 2006, the Federal Court consolidated the eleven related lawsuits filed in the Federal Court into the single, consolidated Federal Lawsuit. Lead Plaintiffs Public Employees' Retirement System of Ohio, State Teachers' Retirement System of Ohio, St. Paul Teachers' Retirement Fund Association, Public Employees' Retirement System of Mississippi, Jacksonville Police & Fire Pension Fund, Louisiana Municipal Police Employees' Retirement System, Louisiana Sheriffs' Pension & Relief Fund, Fire & Police Pension Association of Colorado, Connecticut Retirement Plans and Trust Funds, and Jan Brandin then filed an Amended and Consolidated Verified Derivative Complaint on September 21, 2006, and that is the operative complaint in the Federal Lawsuit.

On July 20, 2006, the State Court consolidated the two related lawsuits filed in State Court into the single, consolidated State Lawsuit. Plaintiffs Natalie Gordon, Fred Greenberg and Evelyn Greenberg (collectively with the Lead Plaintiffs in the Federal Lawsuit, the "Plaintiffs") then filed a Consolidated Derivative Complaint on August 14, 2006, and that is the operative complaint in the State Lawsuit.

The defendants named in the Lawsuits are the members of the UnitedHealth Board of Directors at the time the Lawsuits were commenced (William W. McGuire, Stephen J. Hemsley, William C. Ballard, Jr., Richard T. Burke, James A. Johnson, Thomas H. Kean, Douglas W. Leatherdale, Mary O. Mundinger, Robert L. Ryan, Donna E. Shalala, William G. Spears and Gail R. Wilensky) and certain current and former officers of the Company who are not members of the Board of Directors (Travers H. Wills, David P. Koppe, Thomas P. McDonough, David J. Lubben, Jeannine M. Rivet, R. Channing Wheeler, Arnold H. Kaplan and Robert J. Sheehy) (collectively, the "Defendants").

The Lawsuits allege that, since at least 1996, UnitedHealth's Board of Directors permitted or otherwise engaged in a fraudulent scheme to grant stock options with strike prices based on the dates with the lowest closing share price of the year or at other relative low points or troughs throughout the relevant time period. UnitedHealth's Board of Directors also allegedly delegated to UnitedHealth's former Chairman and Chief Executive Officer, William W. McGuire ("McGuire"), the ability to unilaterally set the grant dates for his own UnitedHealth

stock option grants and option grants to the other corporate officers, in violation of the stated terms of the Company's stock option plans. McGuire allegedly backdated option grants to dates on which the stock price was at an especially low point during the quarter or fiscal year, providing the recipients with in-the-money options carrying an immediate "paper profit." The Lawsuits alleged that, among other things, such conduct constituted a breach of the fiduciary duties owed to the Company by its officers and directors under Minnesota law and also (as alleged in the Federal Lawsuit only) violated certain provisions of the federal securities laws. Defendants deny these allegations.

On June 26, 2006, UnitedHealth's Board of Directors appointed a Special Litigation Committee (the "SLC") pursuant to Section 302A.241 of the Minnesota Statutes, to investigate the claims raised in the Lawsuits and to analyze the legal rights or remedies of the Company and determine whether those rights or remedies should be pursued. The Board of Directors appointed former Minnesota Supreme Court Chief Justice Kathleen Blatz and former Minnesota Supreme Court Justice Edward Stringer as the two members of the SLC.

### III.   HOW WERE THE SETTLEMENTS REACHED?

In June 2007, the parties agreed to mediate the Lawsuits, with the assistance of former United States District Court Judge Layn R. Phillips, an experienced and independent mediator. The SLC agreed to participate in the mediation along with other parties. Numerous mediation sessions were held. On December 5, 2007, as a direct result of the mediation, the SLC, Plaintiffs, and certain Defendants agreed to settle the Lawsuits on the terms described below. On December 6, 2007, the SLC issued its report (the "SLC Report"), which determined, among other things, that settlements with Defendants McGuire, David J. Lubben ("Lubben"), William G. Spears ("Spears") and other remediation that occurred in parallel with the mediated settlements were in the best interests of the Company. Counsel for Plaintiffs participated in the negotiations leading to the mediated settlements and other remediation and have approved them.

### IV.   WHAT ARE THE TERMS OF THE SETTLEMENTS?

Among other things, the Settlements provide that in consideration for the full settlement and dismissal with prejudice of the Lawsuits and the releases described herein, Defendants McGuire, Lubben, and Spears, and additional UnitedHealth executives, have agreed to the following: **NOTE that the values stated below were as of December 6, 2007 and that these values fluctuate with the price of UnitedHealth common stock.**

#### McGuire's Settlement Contributions

Following the initiation of the Lawsuits, McGuire agreed in 2006 to the re-pricing of certain UnitedHealth stock options. The value to the Company of these option re-pricings was approximately $181.0 million to $198.8 million. Additionally, pursuant to the mediated settlement of the Lawsuits, McGuire has also agreed to (i) surrender to the Company all right, title and interest in stock options on 9,223,360 shares of Company stock; (ii) surrender to the Company any and all rights he has under the Company's Supplemental Executive Retirement Plan; (iii) surrender to the Company his rights to $8.1 million of the funds in his Executive Savings Plan Account; and (iv) relinquish any claim for post-employment benefits, such as the

use of Company airplanes, office, secretarial and administrative support and Company-paid life and health insurance. When added to the value of the re-priced options in 2006, the total value of rights relinquished by McGuire was approximately $602.3 million to $618.5 million as of December 6, 2007.

### Lubben's Settlement Contributions

Following the initiation of the Lawsuits, Lubben agreed in 2006 to the repricing of certain options. The economic value relinquished by Lubben from the repricing of these options is approximately $2.6 million to $3.6 million. Additionally, pursuant to the mediated settlement of the Lawsuits, Lubben has agreed, among other things, to (i) repay to the Company $20.55 million of the compensation he realized in 2007 from the exercise of options; (ii) relinquish rights to severance benefits in the amount of $1.95 million; and (iii) surrender to the Company all right, title and interest in stock options on 273,000 shares of Company stock. The total economic value relinquished by Lubben under the Lubben Agreement is between approximately $25.4 million to $28.0 million. When added to the value of the re-priced options in 2006, the total value of rights relinquished by Lubben is approximately $29.0 million to $30.7 million as of December 6, 2007.

### Spears's Settlement Contribution

Mr. Spears agreed to participate in binding arbitration to determine the fair value of the claims against him. This arbitration resulted in an award valued at $7.25 million.

### Additional Remediation

In 2006, after the Lawsuits were filed, thirteen other UnitedHealth executives (including named defendants Hemsley, Sheehy, and Rivet) voluntarily agreed to reprice certain UnitedHealth stock options and provided other remediation with a value ranging between $204.9 million and $225.2 million, with Hemsley contributing between approximately $177.5 million (Black Scholes) or $189.1 million (intrinsic) of that value. In 2007, Hemsley took further steps to remediate the Company's past practices relating to stock option grants by increasing the exercise price on other outstanding options resulting in $50 million of additional value on an intrinsic value basis.

### Corporate Governance Reforms

Following the initiation of the Lawsuits and at the urging of Plaintiffs, the Board of Directors and management of the Company began to institute a series of corporate governance reforms aimed at strengthening the Company's stock option policies and practices, as well as other compensation and corporate governance policies and practices. During the course of the mediation, Plaintiffs provided the Company with a series of additional corporate governance proposals, which they urged the Company and its Board of Directors to adopt. UnitedHealth agreed to implement many of the proposed changes.

## VI. WHAT IS THE TOTAL MONETARY VALUE OF THE SETTLEMENTS AND OTHER REMEDIATION?

According to the values in the SLC Report, the total monetary value of the actions taken by McGuire, Lubben, other UnitedHealth executives, and Spears, all of which resulted from the Lawsuits, is approximately $895 million (intrinsic) to $930 million (Black Scholes) as of December 6, 2007, of which $388.6 million (Black Scholes) or $427.6 million (intrinsic) resulted from voluntary actions taken in 2006, and $499.3 million (Black Scholes) or $495.1 million (intrinsic) resulted from 2007 settlements. **Because the Settlements involve the cancellation, relinquishment and repricing of UnitedHealth stock options, the value of the Settlements change as the value of UnitedHealth common stock changes.**

As of December 18, 2008, because of fluctuations in the price of UnitedHealth stock, the value of the Settlements was $266.4 million (intrinsic).

## VII. WHAT CLAIMS WILL THE SETTLEMENTS AND DISMISSAL RELEASE?

If the Courts approve the Settlements, Plaintiffs will dismiss the Lawsuits, and UnitedHealth shall release any and all claims that have been asserted derivatively on behalf of UnitedHealth in the Lawsuits.

## VIII. WHAT ARE THE REASONS FOR THE SETTLEMENTS AND DISMISSAL?

Plaintiffs, through their counsel and acting with the SLC and its counsel, have conducted an extensive investigation of the claims asserted in the Lawsuits. Based upon their investigation, and their legal and factual analysis of the claims and defenses and the law applicable thereto, the need to act in the best interests of UnitedHealth and the substantial benefits conferred upon UnitedHealth by the Settlement, Plaintiffs and Plaintiffs' counsel believe that the Settlement is in the best interests of UnitedHealth and its shareholders and should be approved.

The Defendants have denied and continue to deny all allegations of wrongdoing in the Lawsuits. The Settlements are not and shall not be construed or be deemed to be evidence of any admission or a concession on the part of Defendants of any fault or liability or damages whatsoever.

## IX. WHEN WILL THE FINAL SETTLEMENT APPROVAL HEARING TAKE PLACE?

The Courts have scheduled a hearing (the "Final Settlement Approval Hearing"), to be held jointly by the Courts on February 13, 2009, at 11:00 a.m. at the United States Courthouse, 300 S. 4th Street, Courtroom 14E, Minneapolis, Minnesota, 55415.

The Courts have reserved the right to adjourn the Final Settlement Approval Hearing or any part thereof, without further notice of any kind other than oral announcement at the hearing or any adjournment thereof.

X.   **WHAT WILL HAPPEN AT THE FINAL SETTLEMENT APPROVAL HEARING?**

At the Final Settlement Approval Hearing, Plaintiffs will ask the Court to:

- Approve the Settlement and direct consummation of the Settlement in accordance with their terms;

- Enter judgment dismissing the Lawsuits with prejudice and extinguish and release all released claims;

- If the Courts approve the Settlements, grant the applications of Plaintiffs' counsel for an award of attorneys' fees and reimbursement of expenses; and

- Consider any other matters as may properly come before the Courts and reserve jurisdiction over implementation of the Settlement until each and every act agreed to be performed by the parties shall have been performed.

The Courts have also reserved the right to approve or reject the Settlement, to enter the Orders and Final Judgments, and to order the payment of attorneys' fees and expenses without further notice of any kind.

XI.   **DO YOU HAVE A RIGHT TO APPEAR AND COMMENT?**

Any shareholder of the Company who objects to: (1) the Settlements; (2) the dismissal of the Lawsuits; (3) the proposed Orders and Final Judgments to be entered with respect to the dismissal of the Lawsuits; and/or (4) Plaintiffs' counsel's application for an award of attorneys' fees and expenses, or who otherwise wishes to be heard, may appear in person or by their attorney at the Final Settlement Approval Hearing. If you wish to do so, however, you must take certain actions.

To object or otherwise be heard in connection with the Federal Lawsuit, you must, not later than twenty-one (21) days prior to the Settlement Hearing, send a letter to UNH Federal Derivative Litigation, 3700 Campbell Mithun Tower, 222 South Ninth Street, Minneapolis, Minnesota 55402.

To object or otherwise be heard in connection with the State Lawsuit, you must, not later than twenty-one (21) business days prior to the Settlement Hearing, send a letter to UNH State Derivative Litigation, 333 South Seventh Street, Suite 1140, Minneapolis, Minnesota 55402-2422.

Your letter must contain:

(1) a written notice of your intention to appear, which identifies your name, address, and telephone number, and, if represented by an attorney in connection with your objection, the name, address, and telephone number of your attorney;

(2) the number of shares of UnitedHealth common stock you own and a written statement that you certify that you are a shareholder of UnitedHealth or otherwise provide proof of your ownership of UnitedHealth common stock;

(3) a detailed written statement of your specific objections to the Settlement, Plaintiffs' counsel's application for attorneys' fees and expenses, or any other matter before the Court;

(4) the bases for your objection or the reasons you desire to appear and be heard;

(5) all documents or other materials you desire the Courts to consider; and

(6) a representation as to whether you, or your attorney, intends to appear at the hearing.

Your letter will be filed with the Federal Court and/or the State Court, as appropriate, and be shared with counsel for all parties.

Any UnitedHealth shareholder who does not seek to object to, or otherwise comment on, the Settlements, the dismissal of the Lawsuits, the proposed Orders and Final Judgments to be entered with respect to the dismissal of the Lawsuits, and/or Plaintiffs' counsel's application for an award of attorneys' fees and expenses need not take any action.

Unless the Courts otherwise direct, no person or entity will be entitled to object to the Settlements, the dismissal of the Lawsuits, the proposed Orders and Final Judgments to be entered with respect to the dismissal of the Lawsuits and/or Plaintiffs' counsel's application for an award of attorneys' fees and expenses, or otherwise to be heard, except by serving and filing written objections as prescribed above.

Any person or entity who fails to object or otherwise request to be heard in the manner prescribed above will be deemed to have waived the right to object or otherwise request to be heard (including the right to appeal) and will be barred forever from raising such objection or request to be heard in this or any other action or proceeding.

**XII.   HOW WILL THE PLAINTIFFS' ATTORNEYS GET PAID?**

If the Courts approve the Settlements, counsel for the plaintiffs in the Federal Lawsuit intend to ask the Federal Court for a reasonable award of attorneys' fees and expenses in an amount not to exceed $47 million, and counsel for plaintiffs in the State Lawsuit intend to ask the State Court for a reasonable award of attorneys' fees and expenses in an amount not to exceed $17 million (collectively, the "Fee Applications"). Defendants have reserved all rights to oppose the Fee Applications. Any fees and expenses awarded by the Courts to Plaintiffs' counsel in the Lawsuits will be paid by UnitedHealth from the Settlements' proceeds. Final resolution by the Courts of the Fee Applications shall not be a precondition to the dismissal of the Lawsuits, and the Fee Applications may be considered separately from the proposed Settlements and dismissal.

**XIII.  HOW DO YOU GET ADDITIONAL INFORMATION ABOUT THE SETTLEMENTS?**

This Notice contains only a summary of the Lawsuits and the terms of the Settlements and is not all-inclusive. The references in this Notice to the pleadings in the Lawsuits and other

papers and proceedings are only summaries and are not and do not purport to be complete or comprehensive.  More details regarding the claims that have been asserted by the parties and the terms and conditions of the Settlements, including related Orders and proposed forms of Orders, are available at the website www._____.

Inquiries regarding the Federal Lawsuit may also be sent to UNH Federal Derivative Litigation, 3700 Campbell Mithun Tower, 222 South Ninth Street, Minneapolis, Minnesota 55402, or you may call 1-800-287-8119.

Inquiries regarding the State Lawsuit may also be sent to UNH State Derivative Litigation, 333 South Seventh Street, Suite 1140, Minneapolis, Minnesota 55402-2422, or you may call 1-877-247-4292.

**PLEASE DO NOT CALL THE COURT.**

**XIV. NOTICE TO PERSONS OR ENTITIES HOLDING OWNERSHIP ON BEHALF OF OTHERS**

Brokerage firms, banks and/or other persons or entities who hold shares of UnitedHealth common stock for the benefit of others are requested to immediately send this Notice to all of their respective beneficial owners.  If additional copies of the Notice are needed for forwarding to such beneficial owners, any requests for such additional copies or provision of a list of names and mailing addresses of beneficial owners may be made to:

[INSERT ADDRESS PER DEFTS]

Such brokerage firms, banks and/or other persons or entities requesting additional copies or providing a list of names and mailing addresses of beneficial owners will be reimbursed for documented reasonable out-of-pocket expenses incurred in providing such additional copies or providing a list of names and mailing addresses of beneficial owners.

Dated: _____, 2008

> BY ORDERS OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA AND THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT, STATE OF MINNESOTA, HENNEPIN COUNTY