# EXHIBIT B

## ASSISTANT SECRETARY'S CERTIFICATE

I, the undersigned, do hereby certify as follows:

1. That I am the duly elected Assistant Secretary of UnitedHealth Group Incorporated, a Minnesota domestic corporation (the "Company").

2. That Exhibit A to this Certificate is a true, correct and complete excerpt of the resolutions adopted by the Board of Directors at a regular meeting held on June 26, 2006.

3. That the resolutions set forth in Exhibit A are in full force and effect and have not been further amended, repealed or rescinded.

IN WITNESS WHEREOF, I have hereunto set my hand this 19th day of July, 2006.

THIS CORPORATION
HAS NO SEAL

Dannette L. Smith
Assistant Secretary
UnitedHealth Group Incorporated

Exhibit E

**Exhibit A**

### Formation of Special Litigation Committee

WHEREAS, the Board of the Company created an Independent Committee of independent directors ("Independent Committee") to conduct a comprehensive review the Company's stock option practices and the Independent Committee retained William McLucas of the law firm Wilmer Cutler Pickering Hale and Dorr LLP to assist it in performing that review;

WHEREAS, several derivative actions (the "Derivative Actions") have been brought on behalf of the Company (list of cases attached as Exhibit 1) alleging that the Company should pursue various claims against certain current and former executive officers and members of the Board of the Company;

WHEREAS, at its meeting on May 1, 2006, the Board discussed that the Company had received a purported demand letter (attached as Exhibit 2) addressed to the Board of Directors seeking to have the Company pursue claims against various officers and members of the Board (the "Derivative Claim");

WHEREAS, at its meetings on May 1 and 23, 2006, the Board discussed that under the law governing Minnesota corporations, an appropriate response of the Board to a demand would be to form a special litigation committee consisting of one or more independent directors or other independent persons to consider the legal rights or remedies of the Company and determine whether those rights or remedies should be pursued;

WHEREAS, every member of the Board has been named in at least one of the Derivative Actions;

WHEREAS, while the members of the Independent Committee are independent, the Board, in its discretion, seeks review of the claims in the Derivative Actions and Derivative Claim by individuals who are both independent and disinterested; and

WHEREAS, the Board wishes to form a special litigation committee to consider the legal rights or remedies of the Company relating to the Derivative Claim and the claims raised in the Derivative Actions and whether those rights or remedies should be pursued.

RESOLVED, that the Board does hereby designate, pursuant to Section 302A.241 of the Minnesota Statutes, a special litigation committee of the Board (the "Special Litigation Committee") that has complete power and authority to investigate the Derivative Claim and the claims raised in the Derivative Actions and analyze the legal rights or remedies of the Company and determine whether those rights or remedies should be pursued.

FURTHER RESOLVED, that the Special Litigation Committee has the power to consider the results of the review by the Independent Committee if, in the Special Litigation Committee's discretion, it determines that it would be appropriate to do so under the circumstances. The Special Litigation Committee is in no way limited

solely to a review of the Independent Committee's review and has the express power to conduct any additional investigation or analysis it deems appropriate.

FURTHER RESOLVED, that the Special Litigation Committee shall be a Committee of two persons and its members will be former Minnesota Supreme Court Justice Edward Stringer and former Chief Justice of the Minnesota Supreme Court Kathleen Blatz.

FURTHER RESOLVED, that the number of members of the Special Litigation Committee can be expanded in the future through Board action if the Board deems appropriate.

FURTHER RESOLVED, that each member of the Special Litigation Committee will be paid their customary hourly rate (which is currently $375 an hour) and will send an invoice to the Company each month reflecting the fees incurred. The members of the Special Litigation Committee will also receive reimbursement from the Company for all expenses incurred by the member in connection with the member's service on the Special Litigation Committee.

FURTHER RESOLVED, that under Minn. Stat. §302A.241 the members of the Special Litigation Committee are considered members of the Board for certain purposes under Minnesota law including indemnification under Minn. Stat. § 302A.521. The Company acknowledges that it has a duty to indemnify the members of the Independent Committee and hereby agrees to indemnify the members of the Special Litigation Committee to the fullest extent allowed under the law.

FURTHER RESOLVED, that at the Company's expense, the Special Litigation Committee may retain independent legal counsel, who does not represent the Company or any of its officers or directors and has not regularly represented the Company or any of it officers or directors in any previous matter, to advise the Special Litigation Committee.

FURTHER RESOLVED, that at the Company's expense, the Special Litigation Committee may retain other professionals (including financial/accounting advisors) who do not advise the Company or any of its officers or directors and have not regularly represented the Company or any of its officers or directors in any previous matter.

**Exhibit 1**

## FEDERAL COURT CASES

Brandin v. McGuire, et al. and UnitedHealth Group; U.S. District Court No. 06-1216

Simon v. McGuire, et al. and UnitedHealth Group; U.S. District Court No. 06-1958

St. Paul Teachers' Retirement Fund Association, Public Employees' Retirement System of Mississippi, Jacksonville Police & Fire Pension Fund, Louisiana Municipal Police Employees' Retirement System and Louisiana Sheriffs' Pension & Relief Fund v. McGuire, et al. and UnitedHealth Group; U.S. District Court No. 06-1959

Public Employees' Retirement System of Ohio and State Teachers Retirement System of Ohio v. McGuire, et al. and UnitedHealth Group; U.S. District Court No. 06-2094

Connecticut Retirement Plans and Trust Funds v. McGuire and UnitedHealth Group; U.S. District Court No. 06-2187

## STATE COURT CASES

Greenberg v McGuire, et al. and UnitedHealth Group, Inc.; MN District Court No. 27-CV-06-8889

Gordon v McGuire, et al. and UnitedHealth Group, Inc.; MN District Court No. 02-CV-06-8085

APR 1 9 2006



# SCHIFFRIN & BARROWAY, LLP
### Attorneys at Law

**Exhibit 2**

280 KING OF PRUSSIA ROAD • RADNOR, PENNSYLVANIA 19087 • (610) 667-7706 • FAX: (610) 667-7056 • WWW.SBCLASSLAW.COM

Writer's Direct Dial: (610) 822-2209
E-Mail: ezagar@sbclasslaw.com

RICHARD S. SCHIFFRIN*
ANDREW L. BARROWAY*
MARC A. TOPAZ*
DAVID KESSLER*
KATHARINE M. RYAN
STUART L. BERMAN*
GREGORY M. CASTALDO*
JOSEPH H. MELTZER*
MICHAEL K. YARNOFF*◊

KATIE L. ANDERSON
IAN D. BERG*
ROBERT W. BIELA
KATHERINE B. BORNSTEIN*
TREVAN BORUM
JONATHAN R. CAGAN°
EDWARD W. CHANG°□
DARREN J. CHECK*
EDWARD W. CIOLKO°
STEPHEN CONNOLLY
MARK S. DANEK
THOMAS W. GRAMMER
MARK K. GYANDOH*
SEAN M. HANDLER
JOHN A. KEHOE*
HAL J. KLEINMAN*
ERIC LECHTZIN*
RICHARD A. MANISKAS*
TOBIAS L. MILLROOD*
TODD M. MOSSER
JODI C. MURLAND
CHRISTOPHER L. NELSON
MICHELLE N. PETERSON*
NICHOLAS S. PULLEN
KAREN E. REILLY***▲
STEVEN D. RESNICK*
LEE D. RUDY*
KAY E. SICKLES*
TAMARA SKVIRSKY*
SANDRA O. SMITH
W. LYLE STAMPS
BENJAMIN J. SWEET
HEATHER M. TASHMAN*
GERALD D. WELLS, III*
ROBIN WINCHESTER*
ERIC L. ZAGAR
ANDREW L. ZIVITZ*
KENDALL S. ZYLSTRA

April 18, 2006

**VIA FEDEX**
Dr. William W. McGuire
Chairman of the Board
UnitedHealth Group Incorporated
9900 Bren Road East
Minnetonka, MN 55343

Re:   Shareholder Demand

Dear Dr. McGuire:

This firm represents Nicholas DeRosa (the "Stockholder"), a holder of shares of common stock of UnitedHealth Group Incorporated ("UnitedHealth" or the "Company"). I write on behalf of the Stockholder to demand that the Board of Directors of UnitedHealth (the "Board") take action to remedy breaches of fiduciary duties and unjust enrichment by the directors and certain officers of the Company, as described herein.

As you are aware, by reason of their positions as officers and/or directors of UnitedHealth and because of their ability to control the business and corporate affairs of UnitedHealth, the officers and directors of the Company owe UnitedHealth and its shareholders the fiduciary obligations of good faith, loyalty, and due care, and are required to use their utmost ability to control and manage UnitedHealth in a fair, just, honest, and equitable manner. The Stockholder believes that all the members of the Board (collectively, the "Directors"), particularly yourself and the members of the Compensation and Human Resources Committee, violated these core fiduciary duty principles, causing UnitedHealth to suffer damages.

The Stockholder contends that for several years the Board, in violation of Company policies and Generally Accepted Accounting Principles, has improperly backdated grants of stock options to yourself and other UnitedHealth officers, including Stephen J. Hemsley, R. Channing Wheeler, David J. Lubben, and Jeannine M. Rivet (collectively, the "Officers"). The Stockholder maintains that each of the Directors breached their fiduciary duties by: (i) knowingly approving

the Company's foregoing improprieties, and/or (ii) abdicating their responsibility to make a good faith effort to oversee the Company's operations and internal controls; and that the Officers were unjustly enriched by their receipt of backdated stock options. The Stockholder believes that the acts described above represent a systematic failure of the Directors and Officers to effectively manage the affairs of UnitedHealth. Among other things, it is apparent that the Directors and Officers have failed to implement necessary oversight procedures and controls to effectively manage UnitedHealth. The Directors' and Officers' systematic failure to properly manage the Company violates their fiduciary duties of loyalty and good faith. As a result of the foregoing breaches of duty, UnitedHealth has sustained damages, including, but not limited to, costs and expenses incurred in connection with a Securities and Exchange Commission investigation of the Company and its stock option grants.

On behalf of the Stockholder, I hereby demand that the Board take action: (i) to recover from the Directors and Officers the amount of damages sustained by the Company as a result of the misconduct alleged herein, (ii) to recover from the Officers the improperly awarded stock options, and (iii) to correct deficiencies in the Company's internal controls and equity compensation practices.

If within a reasonable period of time after receipt of this letter the Board has not taken action as demanded herein, the Stockholder will commence a shareholder derivative action on behalf of UnitedHealth seeking appropriate relief.

Very truly yours,

SCHIFFRIN & BARROWAY, LLP

Eric L. Zagar