# EXHIBIT E



IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

| | |
|---|---|
| CITY OF PONTIAC GENERAL EMPLOYEES' RETIREMENT SYSTEM, STEVEN STARK, NICHOLAS WEIL and ARNOLD WANDEL, Derivatively on Behalf of THE HOME DEPOT, INC., ) ) ) ) ) | Civil Action No. 2006-cv-122302 [PROPOSED] FINDINGS OF FACT IN SUPPORT OF ORDER AND FINAL JUDGMENT |
| Plaintiffs, ) ) | |
| vs. ) ) | |
| KENNETH G. LANGONE, ROBERT L. NARDELLI, CAROL B. TOMÉ, LABAN P. JACKSON, JR., DENNIS M. DONOVAN, FRANK L. FERNANDEZ, THOMAS V. TAYLOR, JOHN L. CLENDENIN, CLAUDIO X. GONZÁLEZ, BONNIE G. HILL, GREGORY D. BRENNEMAN, MILLEDGE A. HART, III, ANGELO R. MOZILO, THOMAS J. RIDGE, LAWRENCE R. JOHNSTON, BERRY R. COX, RICHARD H. BROWN and RICHARD A. GRASSO, ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants, ) ) | |
| – and – ) ) | |
| THE HOME DEPOT, INC., a Delaware corporation, ) ) ) | |
| Nominal Defendant. ) ) | |

This matter having come before the Court on plaintiffs' Motion for Final Approval of Settlement; and

The Court having reviewed the pleadings, the March 28, 2008 Stipulation of Settlement consented to by the parties (the "Stipulation"), and the extensive record in this case; and

The Court having heard the arguments of counsel at a hearing before this Court on June 10, 2008;

NOW THEREFORE the Court hereby issues the following Findings of Fact:

1.      The Settlement agreed upon by the parties, as set forth in the Stipulation, resolves the claims asserted in at least eight (8) different lawsuits involving The Home Depot, Inc. ("Home Depot") and certain of its past and present officers and directors.

2.      The claims at issue in these cases involve three related areas of alleged wrongdoing: stock option backdating, payments to Home Depot's former Chief Executive Officer, Robert Nardelli, and systemic return-to-vendor accounting issues.

3.      Plaintiffs have alleged that, as a result of these activities, defendants caused Home Depot to report false and misleading financial results in Home Depot's Securities and Exchange Commission ("SEC") filings and other documents distributed publicly, as well as to shareholders, and then made numerous additional false statements as part of a continuing effort to cover up and mislead Home Depot shareholders about the extent of their malfeasance.

4.      The first of the cases involved in this litigation was filed in 2006. Since that time, the parties have engaged in significant discovery and motion practice in pursuing and defending against plaintiffs' claims. The discovery has included, *inter alia*, the production of over one hundred thousand (100,000) pages of documents and the taking of approximately ten (10) depositions. The numerous and varied motions filed by the parties include a motion for preliminary injunction,

- 1 -

defendants' motions to dismiss all of plaintiffs' claims, a motion for summary judgment, and multiple motions to compel discovery.

5.      The parties likewise engaged in a lengthy series of negotiations regarding the possible settlement of these actions. These arms length settlement discussions required two separate mediation sessions with one of the country's preeminent mediators, Eric Green.

6.      The settlement negotiations took place over almost a year and involved numerous meetings and telephone conferences, along with the drafting of various papers. Countless hours of attorney time were spent by both sides in reaching the ultimate resolution. Much of the prolonged settlement process was focused on the corporate governance reforms to be adopted by Home Depot. The terms of the settlement, as set forth in the Stipulation, confer substantial benefits to Home Depot and its shareholders.

7.      Plaintiffs' lead counsel in this litigation, Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia"), has demonstrated its considerable expertise in shareholder litigation, diligently advocating the rights of Home Depot shareholders in this Litigation. Coughlin Stoia has acted with substantial skill and professionalism in representing the plaintiffs and the interests of Home Depot and its shareholders in prosecuting this case. At least twenty other plaintiffs firms have assisted Coughlin Stoia in this representation.

8.      Defendants have been ably represented by experienced and sophisticated litigation counsel, including King & Spalding; Alston & Bird; Jones Day; Sutherland; and Troutman Sanders. Defendants' counsel have similarly represented the interests of their clients diligently.

9.      On April 3, 2008, plaintiffs filed a Motion for Preliminary Approval of Proposed Derivative Settlement with the Court, along with the Stipulation. Per the terms of the Stipulation, the Settlement includes a number of corporate governance changes that require Home Depot to, among other things: (i) adopt multiple changes to the structure of the Board of Directors of Home

- 2 -

Depot, (ii) require two-thirds of its directors to be independent, (iii) require the Audit, Nominating and Corporate Governance, and Leadership Development and Compensation Committees to consist entirely of independent directors, (iv) adopt director independence standards, (v) require certain directors to receive compensation in the form of equity grants, (vi) permit shareholders to ask questions at annual meetings, (vii) adopt certain compensation policies and procedural safeguards for officers and directors, (viii) impose safeguards on the removal procedures for directors, (ix) adopt safeguards and notice requirements on stock option plans to lower the risk of backdating, (x) permit large shareholders or groups of shareholders to nominate directors, (xi) ensure compliance with Home Depot's Return to Vendor Policy, and (xii) adopt a Best Value Contracting Policy.

10.    The settlement also provides for attorney fees to be paid to plaintiffs' counsel of approximately $8.5 million in Home Depot common stock and $6 million in cash for fees and expenses.

11.    All parties and counsel agree that resolution of this action through settlement, based on the terms set forth in the Stipulation submitted to the Court, is in the best interests of Home Depot and its shareholders, which is strong evidence that the settlement is fair and reasonable.

12.    Based on this Court's review of the Stipulation, the written briefing, and the parties' oral presentations, this Court entered a Scheduling Order on April 3, 2008, which, among other things: (i) preliminarily found the proposed settlement to be fair, reasonable, adequate and in the best interests of Home Depot and its stockholders; and (ii) found that the proposed forms and methods of notice to be provided to the Home Depot shareholders met the requirements of O.C.G.A. §14-3-745, the Due Process Clause of the Fourteenth Amendment of the United States Constitution, and any other applicable laws, and constitutes due and sufficient notice of all matters relating to the Settlement.

13.    Pursuant to the Scheduling Order, on April 10, 2008, a Notice of Settlement of Derivative Action (the "Notice") informing Home Depot's shareholders of the Settlement was published in Investor's Business Daily and via Form 8-K furnished to the SEC, and full opportunity to be heard was offered to all parties and persons in interest.

14.    Notwithstanding this opportunity, no objections to the Settlement have been filed with the Court. This is further evidence that the settlement is fair and reasonable.

15.    On June 3, 2008, plaintiffs filed a Motion for Final Approval of Settlement, along with a Memorandum of Law and the Affidavit of John C. Herman in support of that motion.

16.    On June 10, 2008, this Court held a hearing on plaintiffs' Motion for Final Approval of Settlement. Following this hearing, having provided all parties and persons of interest with a full opportunity to be heard, and having considered the record in this case and the arguments of counsel, this Court finds that the Settlement produced by the parties' arms length negotiations, including without limitation the corporate governance changes set forth above and the total attorneys fees of $14.5 million, is fair, adequate, reasonable, and is not the product of collusion between the parties.

17.    The Court finds that plaintiffs' counsel obtained a substantial benefit for Home Depot and its stockholders and that the attorney fee and expense amount agreed upon is reasonable based on the results obtained.

18.    The Court finds that the fee amount agreed upon is consistent with fee awards in other derivative actions.

19.    The Court finds that plaintiffs' counsel took this case on a fully contingent basis and payment of attorney fees and expenses was at risk absent a successful result.

20.    Accordingly, the Court Orders that the Settlement, as set forth in the Stipulation of Settlement dated March 28, 2008, be and hereby is finally approved, pursuant to O.C.G.A.

- 4 -

§14-2-745, and that Judgment be entered as set forth in the Order and Final Judgment issued

concurrently herewith.

IT IS SO ORDERED.

DATED: JUNE 10, 2008 _____

THE HONORABLE CRAIG SCHWALL
JUDGE, SUPERIOR COURT OF FULTON COUNTY

S:\Settlement\Home.Depot Deriv.set\ORD FINDINGS 00051542.doc

- 5 -