# EXHIBIT F
# PART 2

**EXHIBIT A**

## SCHEDULE 1

1.    Margaret Albergo ("Albergo") shall provide the settlement consideration set forth below to Cablevision in connection with and subject to the terms of Paragraphs 3.1 and Section IV of the Stipulation.

    a.    Albergo shall pay the sum of $429,715 to Cablevision.

    b.    The contribution from Albergo constitutes an amount related to options previously exercised.

2

### SCHEDULE 2

2.   Ray Andersen ("Andersen") shall provide the settlement consideration set forth below to Cablevision in connection with and subject to the terms of Paragraphs 3.1 and Section IV of the Stipulation.

a.   Andersen hereby forfeits any and all claims relating to the following options and/or SARs, including but not limited to any claim to the $10 per option special dividend declared by Cablevision on April 7, 2006:

| Grant Date | Equity Type | Strike Price | Quantity | Adjusted Grant Date | Adjusted Strike Price |
|---|---|---|---|---|---|
| 5/29/1998 | RMG Tracking | $    6.88 | 6,746 | 11/12/1998 | $    11.93 |
| 5/31/2000 | RMG Tracking | $    15.57 | 27,390 | 9/25/2000 | $    16.06 |

the foregoing representing an agreed-upon value of $662,195.

b.   Andersen hereby forfeits any and all claims regarding the Company's advancement of any performance retention award ("PRA") to him and shall pay the $800,000 PRA advanced by Cablevision pursuant to the following repayment schedule: $50,000 each month, beginning in August 2008 and concluding in November 2009;

c.   Andersen hereby forfeits any and all claims regarding the Company's obligation to have made, at any time, a performance retention award to him;

d.   Cablevision will not file a Form with any taxing authority reflecting any compensation income to Mr. Andersen with respect to the settlement of this Litigation; and

3

e.     Nothing in this Schedule or the Stipulation shall be or be deemed to be a release of any claims Andersen may have against Cablevision other than the claims relating to the options specified in paragraph 1(a), the payment specified in paragraph 1(b), and the obligation specified in paragraph 1(c) of this Schedule.

4

## SCHEDULE 3

1.   William Bell ("Bell") shall provide the settlement consideration set forth below to Cablevision in connection with **and** subject to the terms of Paragraphs 3.1 and Section IV of the Stipulation.

    a.   Bell shall pay the sum of $421,628 to Cablevision.

    b.   The contribution from Bell constitutes an amount related to options previously exercised.

5

**SCHEDULE 4**

1.    Harvey L. Benenson and/or Lyons, Benenson & Co. – collectively, "Benenson" – shall provide the settlement consideration set forth below to Cablevision in connection with and subject to the terms of Paragraphs 3.1 and Section IV of the Stipulation.

    a.    Benenson hereby forfeits any and all claims regarding the Company's obligation to make a severance payment to him in the amount of $1,500,000;

    b.    Benenson shall pay the sum of $2,000,000 to Cablevision plus interest at an annual rate of 6 percent from the date Benenson executes this Settlement Stipulation until the date Benenson pays $2,000,000 plus all interest then accrued, due and owing;

    c.    Harvey L. Benenson and Sandra C. Benenson – the joint owners of 6 Paumanok Road, Bridgehampton, New York (the "Property") – shall provide to Cablevision, prior to Court approval of this Settlement Stipulation, a first mortgage and lien on the Property for the amount set forth in paragraphs 1(b) and 1(e), which shall not be filed until the Court approves the Settlement;

    d.    Benenson represents, as a material term of this Settlement, that there are no liens, encumbrances or mortgages on the Property and that title to the Property is clear.

6

e.  The Company shall conduct a title search and an appraisal of the Property, and obtain title insurance. Benenson shall be responsible for the cost of such a search and/or appraisal, as well as any additional closing costs, including but not limited to the title insurance, mortgage recording fee and the applicable mortgage tax, said amounts to be paid by Benenson at the time of closing up to $28,000, with any amounts in excess of $28,000 added to the amount due under paragraph 1(b).

f.  Cablevision shall be added as an additional insured on any insurance policy for the Property and, if mortgage insurance is purchased for the Property, shall be named as an insured;

g.  The payments described in 1(b) and 1(e) must be made before or on June 1, 2011. If Benenson fails to make the payments described in 1(b) and 1(e) by June 1, 2011, the Company shall foreclose on its mortgage on the Property;

h.  Upon making the payments described in 1(b) and 1(e), Benenson will receive a Form 1099 from Cablevision for the amount of $1,000,000 with respect to a loan obligation between Benenson and the Company;

i.  Benenson and the Company hereby settle and release any and all claims related to the loan obligation between Benenson and the Company referenced in 1(h). No sums shall be due from Benenson to the Company with regard to the loan, or any other matter relating to his services provided to, or compensation received from, the Company, except as set forth in this Schedule; the Company shall make no claim against Benenson, except to

7

enforce the terms of this Schedule or to enforce the documents executed pursuant to this Schedule; and Benenson shall make no claim against the Company. Nothing in this Settlement precludes the Company from asserting any defenses (including affirmative defenses) to any claim(s) brought against the Company or its past or present officers or directors that concern or relate to Benenson or Lyons, Benenson & Co. Likewise, nothing in this Settlement precludes Benenson from asserting any defenses (including affirmative defenses) to any claim(s) brought against it that concern or relate to the Company or its past or present officers or directors;

j.   Prior to execution of this Settlement, Benenson shall provide a sworn financial affidavit to the SLC and shall submit to the SLC the income portions of his and his firm's last three annual federal tax filings (the "Financial Data"). Benenson's financial affidavit must also include a representation that Benenson's and his firm's insurance policies do not provide coverage for the claims alleged in these litigations and for any payments set forth in this Schedule. The Financial Data is highly confidential and may not be shown to any person other than the SLC and its counsel; it shall be returned to Benenson upon payment of the amounts due under paragraphs 1 (b) and 1(e); and

k.   As security for the amounts due under paragraphs 1(b) and 1(e), Benenson and his firm shall sign Confessions of Judgment consistent with the terms of this Schedule, which shall be held in escrow by Alston & Bird and shall not

8

be entered absent a default hereunder.  The Confessions of Judgment shall be returned to Benenson on payment of the amounts due under paragraphs 1(b) and 1(e), whether by Benenson or in a recovery through foreclosure.

l.    In the event that Benenson declines to sign the Stipulation of Settlement or the Settlement is not approved by the Court, all documents delivered hereunder shall be returned, with no copies retained.

2.    Harvey L. Benenson and Lyons, Benenson & Co., Inc., hereby warrant that they are not insolvent, and that their payment of the settlement consideration provided for herein will not render them insolvent within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof.  This warranty is made by Harvey L. Benenson and Lyons, Benenson & Co., Inc., and not by their counsel.

9

## SCHEDULE 5

1.     Charles F. Dolan ("Mr. Dolan") shall provide the settlement consideration set forth below to Cablevision in connection with and subject to the terms of Paragraphs 3.1 and Section IV of the Stipulation.

      a.     Mr. Dolan shall make a cash contribution of $1,000,000 to Cablevision to facilitate the resolution of this matter.

10

## SCHEDULE 6

1.  James L. Dolan ("Mr. Dolan") shall provide the settlement consideration set forth below to Cablevision in connection with and subject to the terms of Paragraphs 3.1 and Section IV of the Stipulation.

    a.  Mr. Dolan shall pay the sum of $366,250 to Cablevision, which constitutes an amount related to options previously exercised; and

    b.  Mr. Dolan shall make an additional cash contribution of $1,000,000 to Cablevision to facilitate the resolution of this matter.

11

## SCHEDULE 7

1.    Patrick Dolan ("Mr. Dolan") shall provide the settlement consideration set forth below to Cablevision in connection with and subject to the terms of Paragraphs 3.1 and Section IV of the Stipulation.

        a.    Mr. Dolan shall pay the sum of $102,214 to Cablevision, which constitutes an amount related to options previously exercised;

        b.    In the event that any taxes are owed by Mr. Dolan with respect to the $102,214 in spread he owes to the Company from his recent exercise of expiring May 29, 1998 options and SARS, it is understood that Mr. Dolan will be given a credit by the Company for taxes owed on the $102,214 in spread upon submission of an appropriate affidavit attesting to the taxes owed; and

        c.    Mr. Dolan hereby consents to the re-pricing of the following options and/or SARs, thereby returning to the Company the $10,040 in Spread associated with the options:

| Grant Date | Equity Type | Strike Price | Quantity | Adjusted Grant Date | Adjusted Strike Price |
|---|---|---|---|---|---|
| 5/31/2000 | RMG Tracking Options | $ 15.57 | 20,244 | 9/25/2000 | $ 16.06 |

12

## SCHEDULE 8

1.    Thomas Dolan ("Mr. Dolan") shall provide the settlement consideration set forth below to Cablevision in connection with and subject to the terms of Paragraphs 3.1 and Section IV of the Stipulation.

    a.    Mr. Dolan shall pay the sum of $156,987 to Cablevision, which constitutes an amount related to options previously exercised.

13

## SCHEDULE 9

2.   Richard Hochman ("Hochman") shall provide the settlement consideration set forth below to Cablevision in connection with and subject to the terms of Paragraph 3.1 and Section IV of the Stipulation.

   a.   Hochman hereby forfeits, surrenders and returns to Cablevision his options and restricted stock units itemized below. including but not limited to any claim to the $10 per option special dividend declared by Cablevision on April 7, 2006:

| Grant Date | Equity Type | Strike Price | Quantity |
|---|---|---|---|
| 6/11/1998 | Director Options | $ 22.89677 | 2,000 |
| 6/17/1999 | Director Options | $ 17.44798 | 2,977 |
| 6/07/2000 | Director Options | $ 16.59345 | 2,977 |
| 6/06/2001 | Director Options | $ 22.50342 | 4,465 |
| 6/05/2002 | Director Options | $ 16.75 | 5,250 |
| 6/05/2002 | Director Options | $ 16.37375 | 2,679 |
| 6/03/2003 | Director Options | $ 21.70 | 4,000 |
| 5/25/2004 | Director Options | $ 20.99 | 4,000 |
| 5/19/2005 | Director Options | $ 15.77 | 4,000 |
| 5/18/2006 | Director Options | $ 19.89 | 4,000 |
| 06/03/03 | Restricted Stock Units | n/a | 214 |
| 06/14/07 | Restricted Stock Units | n/a | 2,852 |

   the foregoing representing an agreed-upon value of $748,996.

14

**SCHEDULE 10**

1.   Robert Lemle ("Lemle") shall provide the settlement consideration set forth below to Cablevision in connection with and subject to the terms of Paragraph 3.1 and Section IV of the Stipulation.

    a.   Lemle shall return and pay the sum of $2,549,219 to Cablevision; and

    b.   Lemle hereby agrees to relinquish the following options and/or SARs, and any claims related thereto, including but not limited to any claim to the $10 per option special dividend declared by Cablevision on April 7, 2006:

| Grant Date | Equity Type | Strike Price | Quantity | Adjusted Grant Date | Adjusted Strike Price |
|---|---|---|---|---|---|
| 8/2/1999 | RMG Tracking | $ 16.78 | 89,319 | 10/1/1999 | $ 17.96 |
| 12/4/2000 | RMG Tracking | $ 19.06 | 77,410 | 2/15/01 | $ 19.61 |

The foregoing set forth in (b) above represents an agreed-upon value of approximately $4,576,638, which consists of:

    (i)   a claim by Lemle against the Company for $2,035,770 that derives from these options and SARs;

    (ii)   the difference between the original strike price and the adjusted strike price, totaling $147,703;

    (iii)   the difference between the adjusted strike price and the current share price, totaling $725,868; and

    (iv)   the special dividend, totaling $1,667,297.

15

## SCHEDULE 11

1.   The Lustgarten Estate shall provide the settlement consideration set forth below to Cablevision in connection with and subject to the terms of Paragraphs 3.1 and Section IV of the Stipulation.

   a.   The Lustgarten Estate hereby relinquishes any and all claims relating to the following options and/or SARs and/or restricted shares, including but not limited to any claim to the $10 per option special dividend declared by Cablevision on April 7, 2006 or any restricted shares emanating therefrom:

| Grant Date | Equity Type | Strike Price | Quantity | Adjusted Grant Date | Adjusted Strike Price |
|---|---|---|---|---|---|
| 8/2/1999 | RMG Tracking | $ 16.78 | 119,093 | 10/1/1999 | $ 17.96 |
| 8/2/1999 | Restricted Stock | $ 0.00 | 100,000 | n/a | n/a |

   the foregoing representing an agreed-upon value of $4,918,402.

   b.   Cablevision will tender and/or release, and the Compensation Committee will ratify and approve all transactions and actions taken with respect to, the following options and/or SARs and/or restricted shares, and any rights associated therewith, including but not limited to the $10 per option special dividend declared by Cablevision on April 7, 2006:

| Grant Date | Equity Type | Strike Price | Quantity | Adjusted Grant Date | Adjusted Strike Price |
|---|---|---|---|---|---|
| 4/14/1999 | RMG Tracking | $ 18.97 | 155,416 | n/a | n/a |
| 4/14/1999 | Restricted Stock | $ 0.00 | 130,500 | n/a | n/a |

16

c.    If there are any changes in the tax laws in 2008 or 2009 and if, upon exercise of the stock options released and delivered pursuant to paragraph (b), the Lustgarten Estate incurs taxes in either 2008 or 2009 that are greater than the tax that it would have incurred had the options been exercised in 2007, then Cablevision shall pay to the Lustgarten Estate the amount by which the 2008 or 2009 tax exceeds what the 2007 tax would have been.

17

## SCHEDULE 12

1.      Sheila Mahony ("Mahony") shall provide the settlement consideration set forth below to Cablevision in connection with and subject to the terms of Paragraphs 3.1 and Section IV of the Stipulation.

    a.      Mahony shall pay the sum of $350,403 to Cablevision.

18

### SCHEDULE 13

1.    Hank Ratner ("Ratner") shall provide the settlement consideration set forth below to Cablevision in connection with and subject to the terms of Paragraphs 3.1 and Section IV of the Stipulation.

   a.    Ratner shall pay the sum of $450,190.88 to Cablevision, which constitutes an amount related to options previously exercised;

   b.    In the event that any taxes are owed by Ratner with respect to the $20,245 in spread he owes to the Company from his recent exercise of expiring May 29, 1998 options and SARs, it is understood that Ratner will be given a credit by the Company for taxes owed on the $20,245 in spread upon submission of an appropriate affidavit attesting to the taxes owed; and

   c.    Ratner hereby consents to the re-pricing of the following stock options and/or SARs, thereby returning to the Company the $86,903 in Spread associated with the stock options and/or SARs:

| Grant Date | Equity Type | Strike Price | Quantity | Adjusted Grant Date | Adjusted Strike Price |
|---|---|---|---|---|---|
| 8/2/1999 | RMG Tracking Options | $ 16.78 | 53,951 | 10/1/1999 | $ 17.96 |
| 5/31/2000 | RMG Tracking Options | $ 15.57 | 23,818 | 9/25/2000 | $ 16.06 |
| 5/31/2000 | RMG Tracking SARs | $ 15.57 | 23,818 | 9/25/2000 | $ 16.06 |

19

## SCHEDULE 14

1.    In connection with and subject to the terms of the Stipulation:

    a.    Andrew Rosengard ("Rosengard") relinquishes his claims relating to the following options, including but not limited to any claim to the $10 per option special dividend declared by Cablevision on April 7, 2006:

| Grant Date | Equity Type | Strike Price | Quantity | Adjusted Grant Date | Adjusted Strike Price |
|---|---|---|---|---|---|
| 8/2/1999 | RMG Tracking | $ 16.78 | 89,319 | 10/1/1999 | $ 17.96 |

        The SLC has valued the foregoing claim at $1,233,247, and Mr. Rosengard has agreed not to contest that valuation for purposes of this settlement.

    b.    Cablevision will not file a Form with any taxing authority reflecting any compensation income to Mr. Rosengard with respect to the settlement of this Litigation.

    c.    Nothing in this Schedule or the Stipulation shall be or be deemed to be a release of any claims Rosengard may have against Cablevision other than claims relating to the options specified in paragraph 1(a) of this Schedule. Specifically, all claims subject to the Tolling Agreement entered into between Cablevision and Mr. Rosengard dated July 10, 2006 (the "Tolling Agreement") other than the claims set forth in paragraph 1 (a) of this Schedule – that is, claims unrelated to Cablevision options and SARs previously issued to Mr. Rosengard – are specifically preserved subject to the terms of the Tolling Agreement, and the terms

20

of the Tolling Agreement otherwise are not and shall not be deemed modified in any way by the Stipulation or this Schedule.

21

## SCHEDULE 15

1.   Joshua Sapan ("Sapan") shall provide the settlement consideration set forth below to Cablevision in connection with and subject to the terms of Paragraph 3.1 and Section IV of the Stipulation.

   a.   Sapan shall pay the sum of $226,374 to Cablevision.

22

## SCHEDULE 16

1.    Brian Sweeney ("Mr. Sweeney") shall provide the settlement consideration set forth below to Cablevision in connection with and subject to the terms of Paragraphs 3.1 and Section IV of the Stipulation.

    a.    Mr. Sweeney shall pay the sum of $39,084 to Cablevision, which constitutes an amount related to options previously exercised;

    b.    In the event that any taxes are owed by Mr. Sweeney with respect to the $39,084 in spread he owes to the Company from his recent exercise of expiring May 29, 1998 options and SARS, it is understood that Mr. Sweeney will be given a credit by the Company for taxes owed on the $39,084 in spread upon submission of an appropriate affidavit attesting to the taxes owed; and

    c.    Mr. Sweeney hereby consents to the re-pricing of the following options and or SARs, thereby returning to the Company the $13,584 in Spread associated with the options:

| Grant Date | Equity Type | Strike Price | Quantity | Adjusted Grant Date | Adjusted Strike Price |
|---|---|---|---|---|---|
| 5/31/2000 | RMG Tracking Options | $ 15.57 | 27,390 | 9/25/2000 | $ 16.06 |

23