UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE UNITEDHEALTH GROUP INCORPORATED SHAREHOLDER DERIVATIVE LITIGATION | Master File No 06-cv-1216 JMR/FLN |

## DECLARATION OF KARL L. CAMBRONNE IN SUPPORT OF LEAD PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEY FEES AND REIMBURSEMENT OF EXPENSES

I, Karl L. Cambronne, declare as follows:

1. I am a member of the law firm of Chestnut & Cambronne, P.A. I am submitting this Declaration in support of my firm's application for an award of attorney fees in connection with services rendered on behalf of Lead Plaintiffs in this action and for reimbursement of expenses incurred by my firm in the course of this litigation related to the investigation, prosecution, mediation, and settlement of claims.

2. The Court appointed me Lead Counsel. I and other members of my firm have fulfilled the responsibilities of Lead Counsel required by the Court's July 7, 2006 Order. [Docket No. 107.]

3. My firm's compensation for the services rendered in this case on behalf of Lead Plaintiffs was wholly contingent on the success of this

litigation, and the firm was totally at risk that it would not receive any compensation for prosecuting the claims of Nominal Defendant UnitedHealth Group Incorporated against Defendants.

4. All attorneys, paralegals and law clerks at my firm are instructed to keep contemporaneous time records reflecting the time spent on this and other matters.

5. During the period from the inception of the case through the final approval proceedings, Chestnut & Cambronne has been involved, among other things, in the following activities, as set forth in greater detail in the Declaration of Federal Plaintiffs' Derivative Counsel in Support of Motion for Final Approval of the Settlement and the Motion for an Award of Attorney Fees and Reimbursement of Expenses:

- Coordinated the litigation of efforts of Lead Counsel and Plaintiffs' Coordinating Committee, including conducting regular conference calls among counsel.

- Researched, drafted, and filed the initial and Lead Plaintiffs' Amended and Consolidated Verified Derivative and Class Action Complaint.

- Prepared initial Motion for Injunctive Relief.

- Opposed a Motion to intervene filed by the State of Minnesota.

- Briefed the response to Defendants' Motion to Dismiss Lead Plaintiffs' Amended and Consolidated Verified Derivative and Class Action Complaint.

- Prepared discovery request to Defendants and document subpoenas to numerous non-parties

- Reviewed, coded and analyzed millions of pages of documents produced by Defendants, UnitedHealth, and third parties.

- Prepared and responded to numerous discovery motions, including three Motions to Compel and a Motion to Consolidate Discovery.

- Prepared and responded to Motion to Intervene and Motion for a Partial Stay of Discovery of the United States of America.

- Prepared a response to the Motion for Preliminary Injunction.

- Prepared briefing pertaining to Lead Plaintiffs' Partial Summary Judgment.

- Arranged for, coordinated, prepared materials for, and participated in multiple mediation session with Defendants, UnitedHealth, and the Special Litigation Committee (SLC).

- Prepared briefs to the Minnesota Supreme Court pertaining to this Court's certified question.

- Argued all motions before this Court (Judge Rosenbaum and Magistrate Judge Noel) and the Minnesota Supreme Court.

- Secured corporate governance reforms from UnitedHealth through negotiations with the Company's counsel.

- Participated in the drafting of settlement papers and the motion and memorandum for preliminary and final approval of the settlement]

- Pursuant to the Order Designating Lead Plaintiffs and Plaintiffs' Counsel, I performed the requirements imposed by the Court, to-wit:

    1. Coordinated the briefing and argument of any and all motions;
    2. Coordinated the conduct of any and all discovery proceedings;
    3. Coordinated the examination of any and all witnesses in depositions;
    4. Coordinated the selection of counsel to act as spokesperson at all pretrial conferences;
    5. Coordinated all settlement negotiations with counsel for defendants;
    6. Coordinated and directed the pretrial discovery proceedings and the preparation for trial and the trial of this matter and delegated work responsibilities to selected counsel as required;
    7. Coordinated the preparation and filing of all pleadings;
    8. Supervised all other matters concerning the prosecution or resolution of the consolidated actions;
    9. Received and disseminated to all other Plaintiffs' counsel, Court orders and notices; and
    10. Was the contact between plaintiffs' counsel and defendants' counsel, as well as the spokesperson for all plaintiffs' counsel; and was contact between the Court and all plaintiffs and their counsel. Consulted with and communicated the views of the Plaintiffs' Coordinating Committee.
    11. Required detailed time reports reflecting the hours of work expended by each attorney, and any staff person for whom

    the attorney separately bills by the hour, their billing rates and the subject matter of the work;
12. Maintained time reports reflecting the hours of work expended by each attorney, or separately billed staff person;
13. Required all time reports be submitted on a quarterly basis.

6. The total number of hours spent on this litigation by my firm by its attorneys and other professional support staff through December 31, 2008, is 8,766.8. I have attached as Exhibit A a schedule containing a detailed summary that indicates the amount of time spent by each partner, associate, and other professional support staff of my firm who were involved in this litigation, including the number of hours worked, their rates, and their respective lodestar values based on current billing rates. Exhibit A was prepared from contemporaneous daily billing records prepared and maintained by my firm, which are available at the request of the Court. None of the time included in this fee application represents any work done in connection with preparing this Declaration.

7. All of the services by Chestnut & Cambronne in connection with this litigation were reasonably necessary in the prosecution of this

case. There has been no unnecessary duplication of services for which my firm now seeks compensation.

8.     During the period from inception of this litigation through December 31, 2008, Chestnut & Cambronne incurred unreimbursed expenses in connection with this litigation in the total amount of $176,465.78. There remains to be paid to Plaintiffs' corporate governance expert, Harvard Professor, Lucian Bebchuk, an expert fee in the amount of $72,000.00. When added to previously paid expenses, the total Chestnut & Cambronne expenses are $248,465.78. These expenses were reasonably and necessarily incurred in connection with this litigation and are detailed in the chart attached to this Declaration as Exhibit B.

9.     The expenses incurred pertaining to this litigation are reflected on the books and records of this firm maintained in the ordinary course of business. These books and records are prepared from bills from vendors and suppliers; detailed records of in-house expenses; and canceled checks, expense vouchers, and other source materials. They are an accurate record of the expenses incurred.

10. This Declaration only provides the Court with time and expense information through December 31, 2008. Additional time and expenses will be incurred in connection with the final hearing and any post-judgment requirements.

11. A biography of my firm and its attorneys who were involved in this litigation is attached to this Declaration as Exhibit C.

12. Each firm appointed by the Court as part of the coordinating committee have submitted a separate affidavit in connection with fees and expenses.

13. In addition, the following firms, although not named by the Court as counsel for lead plaintiff, did initially file cases. As part of the required lodestar expense reporting to me, these firms have indicated lodestar and expenses as follows:

| FIRM NAME | TOTAL FEES | TOTAL EXPENSES | TOTAL LODESTAR & EXPENSES |
|---|---|---|---|
| Berger & Montague | $62,199.50 | $47.51 | $62,247.01 |
| Bragar Wexler & Eagal | $46,455.50 | $187.35 | $46,642.85 |
| Chimicles & Tikellis | $68,426.25 | $1,747.60 | $70,173.85 |
| Klausner & Kaufman | $77,770.00 | $733.25 | $78,503.25 |
| Lockridge Grindal Nauen | $28,593.75 | $350.56 | $28,944.31 |

- 8 -

| Ostrager Chong Flaherty & Broitman | $25,901.25 | $473.40 | $26,374.65 |
| Sprenger & Lang | $43,836.50 | $4,758.31 | $48,594.81 |
| TOTALS | $353,182.75 | $8,297.98 | $361,480.73 |

The contribution of these various firms varies. I request that I, as lead counsel, be given discretion to determine what, if any, fee and expense reimbursement is due to the above-mentioned law firms.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 30th day of January, 2009 in Minneapolis, Minnesota.

                                         s/Karl L. Cambronne
                                         Karl L. Cambronne