| | |
|---|---|
| IN RE UNITEDHEALTH GROUP INCORPORATED SHAREHOLDER DERIVATIVE LITIGATION | UNITED STATES DISTRICT COURT DISTRICT OF MINNESOTA Master File No. 06-1216 (JMR/FLN) |
| IN RE: UNITEDHEALTH GROUP INCORPORATED DERIVATIVE LITIGATION | HENNEPIN COUNTY DISTRICT COURT Court File No.: 27 CV 06-8085 Honorable George F. McGunnigle |

# AFFIDAVIT OF THOMAS SWIGERT

I, Thomas Swigert, being first duly sworn on oath, state as follows:

1.  I am a partner at the law firm of Dorsey & Whitney LLP, and I represent the individual defendants in these matters. Through my representation of the individual defendants, I have personal knowledge of he facts included in this affidavit.

2.  By resolution dated June 26, 2006, the Board of UnitedHealth Group Incorporated created a Special Litigation Committee ("SLC") and appointed to the SLC former Minnesota Supreme Court Chief Justice Kathleen Blatz and former Minnesota Supreme Court Justice Edward Stringer. In turn, the SLC retained various legal counsel and consultants to assist in its work. Specifically, the SLC retained Kelly & Berens, P.A. ("Kelly & Berens") and Munger, Tolles & Olson LLP ("Munger Tolles") as legal counsel; Professor Lyman P.Q. Johnson of Washington and Lee University Law School, Professor Bradford Cornell of CRA International and Kroll Litigation Consulting and Forensics as consultants; and Kroll OnTrack as the administrator of an electronic database.

3. I have reviewed the billings of the above-referenced entities from the date of the creation of the SLC through year-end 2008. During that time, the members of the SLC, Kelly & Berens and Munger Tolles billed a total of $6,850,480.74 to UnitedHealth, which represents fees for 20,024.20 hours and expenses. The consultants and administrator referenced above billed an additional $2,365,197.11. Together, the SLC, its legal counsel, consultants and administrator billed UnitedHealth approximately $9.2 million for its 15-months of work.

4. Attached as Exhibit A is a true and correct copy of <u>Bartels v. Newirth</u>, 75 Civ. 5664, 1976 U.S. Dist. LEXIS 13311 (S.D.N.Y. Sept. 9, 1976).

5. Attached as Exhibit B is a true and correct copy of <u>Bores v. Domino's Pizza LLC</u>, 2008 WL 4755834 (D. Minn. Oct. 27, 2008).

6. Attached as Exhibit C is a true and correct copy of <u>FTR Consulting Group, Inc. v. Advantage Fund II Ltd.</u>, 02 Civ. 8608 (RMB), 2005 U.S. Dist. LEXIS 20013 (S.D.N.Y. Sept. 14, 2005).

7. Attached as Exhibit D is a true and correct copy of <u>Fears v. Wilhelmina Model Agency, Inc.</u>, 02 Civ. 4911 (HB), 2005 U.S. Dist. LEXIS 7961 (S.D.N.Y. May 5, 2005).

8. Attached as Exhibit E is a true and correct copy of <u>Hawkins v. Thorp Loan and Thrift Co.</u>, 1992 WL 589727 (Minn. Dist. Ct. Feb. 21, 1992).

9. Attached as Exhibit F is a true and correct copy of <u>In re Apple Computer Inc. Deriv. Litig.</u>, 2008 WL 4820784 (N.D. Cal. Nov. 5, 2008).

10. Attached as Exhibit G is a true and correct copy of <u>In re Dreyfus Aggressive Growth Mut. Fund Litig.</u>, 2001 U.S. Dist. LEXIS 8418 (S.D.N.Y. June 22, 2001).

11. Attached as Exhibit H is a true and correct copy of <u>In re Enron Corp. Sec., Deriv. & "ERISA" Litig.</u>, Civ. Action No. H-01-3624 Consolidated Cases, 2008 U.S. Dist. LEXIS 84708 (S.D. Tex. Sept. 8, 2008).

12. Attached as Exhibit I is a true and correct copy of <u>In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.</u>, 2008 WL 682174 (D. Minn. Mar. 7, 2008).

13. Attached as Exhibit J is a true and correct copy of <u>In re Merrill Lynch & Co. Research Reports Sec. Litig.</u>, 2007 U.S. Dist. LEXIS 9450 (S.D.N.Y. Jan. 31, 2007).

14. Attached as Exhibit K is a true and correct copy of <u>Klein ex rel. SICOR Inc. v. Salvi</u>, 02 Civ. 1862 (AKH), 2004 U.S. Dist. LEXIS 4844 (S.D.N.Y. Mar. 30, 2004).

15. Attached as Exhibit L is a true and correct copy of <u>Nyman v. Investors Diversified Servs., Inc.</u>, No. Civ. 4-75-22, 1981 U.S. Dist. LEXIS 15710 (D. Minn. Oct. 27, 1981).

16. Attached as Exhibit M is a true and correct copy of <u>Corinthian Mortg. Corp. v. Choicepoint Precision Mktg., LLC</u>, 1:07cv832 (JCC), 2009 U.S. Dist. LEXIS 723 (E.D. Va. Jan. 5, 2009).

17. Attached as Exhibit N is a true and correct copy of <u>Rodriguez v. West Publ'g. Corp.</u>, Case No. CV 05-3222 R (MCx), 2007 U.S. Dist. LEXIS 74767 (C.D. Cal. Sept. 10, 2007).

18. Attached as Exhibit O is a true and correct copy of <u>Ryan v. Gifford</u>, 2009 WL 18143 (Del. Ch. Jan. 2, 2009).

19. Attached as Exhibit P is a true and correct copy of Nominal Defendant Rambus Inc.'s Amended Motion to Terminate Derivative Litigation Pursuant to the Report of the Special Litigation Committee, <u>In Re Rambus Inc. Derivative Litigation</u>, No. C-06-3513-JF, Dkt. No. 136 (N.D. Cal. Jan. 9, 2009).

20. Attached as Exhibit Q is a true and correct copy of Notice of Motion and Motion for Preliminary Approval of Derivative Settlement and Memorandum of Points and Authorities in Support Thereof, <u>In re McAfee, Inc. Derivative Litigation</u>, No. 5:06-CV-03484-JF, Dkt. No. 119 (N.D. Cal. Oct. 1, 2008).

21. Attached as Exhibit R is a true and correct copy of Letter from Michael J. Iannou, <u>In re Maxim Integrated Products, Inc. Derivative Litigation</u>, No. C-06-3344-JW, Dkt. No. 187 (N.D. Cal.).

I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 4, 2009

_____
Thomas Swigert

Subscribed and sworn to before me this 4th day of February, 2009.

_____
Notary Public

