# Exhibit H
# Part 1

LEXSEE



Analysis
As of: Feb 04, 2009

**In Re Enron Corporation Securities, Derivative & "ERISA" Litigation; MARK NEWBY, ET AL., Plaintiffs VS. ENRON CORPORATION, ET AL., Defendants**

**MDL-1446,CIVIL ACTION NO. H-01-3624 CONSOLIDATED CASES**

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION**

**2008 U.S. Dist. LEXIS 84708**

**September 8, 2008, Decided**
**September 8, 2008, Filed**

**PRIOR HISTORY:** Newby v. Enron Corp. (In re Enron Corp. Secs), 2008 U.S. Dist. LEXIS 84656 (S.D. Tex., Sept. 8, 2008)

**COUNSEL:** [*1] For Mark Newby, Plaintiff: Richard J Zook, LEAD ATTORNEY, Cunningham Darlow et al, Houston, TX; Roger B Greenberg, LEAD ATTORNEY, Schwartz Junell et al, Houston, TX; Lawrence David Finder, Haynes & Boone LLP, Houston, TX.

For The Regents of the University of California, Individually and on Behalf of All Others Similarly Situated, Plaintiff: George Paul Howes, Patrick J Coughlin, Ray Mandlekar, Regina M Ames, LEAD ATTORNEY, Coughlin Stoia et al, Los Angeles, CA; Roger B Greenberg, LEAD ATTORNEY, Schwartz Junell et al, Houston, TX; Shawn M Hays, William S Lerach, LEAD ATTORNEY, Lerach Coughlin et al, San Diego, CA; Helen J Hodges, Couglin Stoia et al, San Diego, CA; James D Baskin, III, The Baskin Law Firm, Austin, TX; Jeffrey C Kubin, Gibbs & Bruns LLP, Houston, TX; John P Pierce, The Pierce Law Group, Bethesda, MD; Keith F Park, James I Jaconette, Coughlin et al, San Diego, CA; Lawrence David Finder, Haynes & Boone LLP, Houston, TX.

For Teamsters Local 710, Plaintiff: Earnest W Wotring, LEAD ATTORNEY, Connelly Baker et al, Houston, TX;

Ira M Press, LEAD ATTORNEY, Attorney at Law, New York, NY; Michael I Behn, LEAD ATTORNEY, Futterman & Howard Chtd, Chicago, IL;

For Florida State Board [*2] of Administration, Plaintiff: Glen DeValerio, Berman DeValerio et al, Boston, MA; Michael Jameson Pucillo, LEAD ATTORNEY, Berman DeValerio Pease Tabacco Burt & Pucillo, West Palm Beach, FL; Neil L Selinger, LEAD ATTORNEY, Lowey Dannenberg et al, White Plains, NY; R Paul Yetter, LEAD ATTORNEY, Yetter Warden et al LLP, Houston, TX; Vincent R Cappucci, LEAD ATTORNEY, Entwistle & Cappucci, New York, NY; Wendy Hope Zoberman, LEAD ATTORNEY, Berman DeValerio et al, West Palm Beach, FL; Andrew J Entwistle, Johnston de Forest Whitman, Jr, Entwistle & Cappucci LLP, New York, NY; Jeffrey C Block, Berman DeValerio et al, Boston, MA; Joy A Kruse, Melanie M Piech, Richard M Heimann, Lieff Cabraser et al, San Francisco, CA; Stephen Lowey, Lowey Dannenberg et al, White Plains, NY.

For The NYC Funds, Plaintiff: Charles R Parker, LEAD ATTORNEY, Locke Liddell and Sapp, Houston, TX; Neil L Selinger, Stephen Lowey, LEAD ATTORNEY, Lowey Dannenberg et al, White Plains, NY; Elizabeth Cabraser, Melanie M Piech, Richard M Heimann, Lieff Cabraser et al, San Francisco, CA.

2008 U.S. Dist. LEXIS 84708, *2
Fed. Sec. L. Rep. (CCH) P95,718

For JMG Capital Partners LP, JMG Triton Offshore Fund Ltd, TQA Master Fund Ltd, Plaintiff: Paul F Bennett, LEAD ATTORNEY, Gold Bennett et [*3] al, San Francisco, CA; Sherrie R Savett, Arthur Stock, LEAD ATTORNEY, Berger & Montague PC, Philadelphia, PA; Thomas W Sankey, LEAD ATTORNEY, Duane Morris, LLP, Houston, TX.

For TQA Master Plus Fund Ltd, Plaintiff: Sherrie R Savett, Arthur Stock, LEAD ATTORNEY, Berger & Montague PC, Philadelphia, PA; Thomas W Sankey, LEAD ATTORNEY, Duane Morris, LLP, Houston, TX.

For The Davidson Group, Plaintiff: Richard A Speirs, Jeffrey C Zwerling, LEAD ATTORNEY, Zwerling Schachter et al, New York, NY; William B Federman, LEAD ATTORNEY, Federman Sherwood, Oklahoma City, OK.

For The Proposed Preferred Purchaser Lead Plaintiffs, Harold Karnes, Consol Plaintiff/Individually Henry H Steiner, Plaintiff: Daniel W Krasner, Robert B Weintraub, LEAD ATTORNEY, Wolf Haldenstein et al, New York, NY; Jack Edward McGehee, LEAD ATTORNEY, McGehee and Wachsman, Houston, TX.

For The State Retirement Systems Group, Plaintiff: Martin D Chitwood, Edward H Nicholson, Jr, LEAD ATTORNEY, Chitwood Harley Flames LLP, Atlanta, GA; Sidney S Liebesman, Jay W Eisenhofer, LEAD ATTORNEY, Grant & Eisenhofer PA, Wilmington, DE; Tom Alan Cunningham, LEAD ATTORNEY, Cunningham Darlow LLP, Houston, TX.

For Private Asset Management, Plaintiff: [*4] Ronald Joseph Kormanik, LEAD ATTORNEY, Attorney at Law, Houston, TX.

For Employees Retirement System of Ohio, Teachers Retirement System of Ohio, Plaintiff: Jay W Eisenhofer, Lieff Cabraser et al, San Francisco, CA.

For Employees Retirement System of Texas, Teacher Retirement System of Texas, Texas Comptroller Of Public Accounts, The Texas Tomorrow Fund, Plaintiff: Rose Ann Reeser, LEAD ATTORNEY, Texas Attorney General, Austin, TX.

For Turnberry Asset Mgt, Plaintiff: Stephen D Oestreich, LEAD ATTORNEY, Entwistle & Cappuci LLP, New York, NY.

For Stoneridge Investment Partners LLC, Plaintiff: Deborah R Gross, LEAD ATTORNEY, Law Offices Bernard M Bross PC, Philadelphia, PA.

For Daniel Kaminer, Christine Benoit, Michael Cerrone, Jennifer Cerrone, Plaintiff: Daniel W Krasner, LEAD ATTORNEY, Wolf Haldenstein et al, New York, NY.

For Kieran J Mahoney, David I Levine, Plaintiff: Larry E Klayman, Meredith Cavallo Di Liberto, LEAD ATTORNEY, Judicial Watch Inc, Washington, DC.

Robin D Hosea, Plaintiff, Pro se, Seabrook, TX.

For Newby Plaintiffs, represented by Liaison Counsel, Plaintiff: Roger B Greenberg, LEAD ATTORNEY, Schwartz Junell et al, Houston, TX; Thomas E Bilek, LEAD ATTORNEY, The Bilek Law [*5] Firm LLP, Houston, TX.

For Tittle Plaintiffs, represented by Liaison Counsel, Plaintiff: Robin L Harrison, LEAD ATTORNEY, Campbell Harrison et al, Houston, TX.

For Bayerische Landesbank, Plaintiff: David Alan Solomon, Jeffrey Lewis Glatzer, LEAD ATTORNEY, Anderson Kill Olick PC, New York, NY; Kimberly L McMullan, Yetter Warden Coleman LLP, Houston, TX.

For Connor W. Patman, Settlement Class Members, Janice F Patman, Settlement Class Member, Plaintiff: Damon Michael Young, LEAD ATTORNEY, Young Pickett et al, Texarkana, TX.

For DK Acquisition Partners LP, Plaintiff: Jeffrey R Elkin, Porter Hedges, L.L.P., Houston, TX; Kimberly L McMullan, Yetter Warden Coleman LLP, Houston, TX.

OIP Limited, Lucelia Foundation Inc, William Coy, Kensington International Limited, Rushmore Capital-1 LLC, Rushmore Capital-II LLC, Springfield Associates, Arab Banking Corporation, New York Branch, DK Acquisition Partners LP, Dresdner Bank AG, New York and Grand Cayman Branches, DZ Bank AG Deutsche Zentral-Genossenschaftsbank, Frankfurt Main, New York Branch, Kensington International Limited, Rushmore Capital-1 LLC, Rushmore Capital-II LLC, Springfield Associates, Standard Chartered Bank, Whitewood Holdings LLC, [*6] Ravenswood Capital - I LLC, Plaintiff, Pro se.

For Avenue Capital, Management II, LP, Gracie Capital,

2008 U.S. Dist. LEXIS 84708, *6
Fed. Sec. L. Rep. (CCH) P95,718

LP, Halcyon Fund, LP, King Street Capital, LP, Longacre Master Fund, Ltd., Man Mac 3 Limited, Marathon Special Opportunity Master Fund, Ltd, RCG Carpathia, Master Fund, Ltd, Scoggin International Fund, Ltd, Scottwood Capital Management, LLC, SPCP Group, LLC, Strategic Value Master Fund, Ltd, Trilogy Capital, LLC, Plaintiff: Kimberly L McMullan, Yetter Warden Coleman LLP, Houston, TX.

For Yosemite Plaintiffs, All Plaintiffs in Coordinated Case No. H-05-1191, Yosemite Plaintiffs, All Plaintiffs in Civil Action No. H-05-1191, Plaintiff: Mary S Thomas, Sascha N Rand, Kathryn E Sweeney, Mary S Thomas, Sascha N Rand, Quinn Emanuel et al, Los Angeles, CA.

For Richard Ruben, Plaintiff: Christopher M Evans, Kevin S Reed, Stephen R Neuwirth, Quinn Emanuel et al, New York, NY; Loren Kieve, Kieve Law Offices, Inc, San Francisco, CA.

For Cincinnati Retirement System, Ohio Tuition Trust Authority, Plaintiff: Sidney S Liebesman, LEAD ATTORNEY, Grant & Eisenhofer PA, Wilmington, DE.

For American National Plaintiffs (All Plts in Case Nos. G-03-967, G- 02-723, G-02-0299, G-02-463,G-03-0481), Ravenswood [*7] Capital Plaintiffs (All Plts in Case No. H-04-4520), Westboro Properties Plaintiffs-(All Plts in Case No. H-03-1276), Plaintiff: Andrew J Mytelka, Tara Beth Annweiler, Greer Herz and Adams, Galveston, TX.

For San Francisco City County Employees' Retirement System, Hawaii Laborers Pension Plan, Robert V Flint, John Zegarski, Mervin Schwartz, Jr, Steven Smith, Archdiocese of Milwaukee Greenville Plumbers Pension Plan, Plaintiff: Roger B Greenberg, LEAD ATTORNEY, Schwartz Junell et al, Houston, TX; Thomas E Bilek, LEAD ATTORNEY, The Bilek Law Firm LLP, Houston, TX; William S Lerach, LEAD ATTORNEY, Lerach Coughlin et al, San Diego, CA.

For New York City Pension Funds, Plaintiff: Joy A Kruse, Lieff Cabraser et al, San Francisco, CA.

For Michael Koroluk, 4:01cv3733, Consol Plaintiff: Steven J Toll, LEAD ATTORNEY, Cohen Milstein et al, Washington, DC.

For Archdiocese of Milwaukee Supporting Fund Inc,

4:01cv4071, Consol Plaintiff: David R Scott, Neil Rothstein, Arthur L Shingler, III, James E Miller, LEAD ATTORNEY, Scott & Scott, Colchester, CT; Theodore C Anderson, LEAD ATTORNEY, Kilgore & Kilgore PLLC, Dallas, TX; Emery Lawrence Vincent, Jr, Attorney at Law, Plano, TX.

For Amalgamated Bank, as [*8] Trustee for the Longview Collective Investment Fund, Longview Core Bond Index Fund and certain other trust accounts individually and on behalf of all others similarly situated, Consol Plaintiff: Regina N Ames, LEAD ATTORNEY, Coughlin Stoia et al, Los Angeles, CA; Roger B Greenberg, LEAD ATTORNEY, Schwartz Junell et al, Houston, TX; Shawn M Hays, William S Lerach, LEAD ATTORNEY, Lerach Coughlin et al, San Diego, CA; Alexandra S Bernay, Helen J Hodges, James I Jaconette, Coughlin et al, San Diego, CA.

For Mark T Spathes, 4:01cv4308, Consol Plaintiff: Hector G Gancedo, LEAD ATTORNEY, Gancedo & Nieves LLP, Pasadena, CA; Thomas E Bilek, LEAD ATTORNEY, The Bilek Law Firm LLP, Houston, TX.

For Pulsifer & Associate, 4:01cv4356, Consol Plaintiff: Allyson L Mihalick, Herbert Blake Tartt, Jr, LEAD ATTORNEY, Beirne Maynard et al, Houston, TX; Robert C Finkel, Robert M Kornreich, LEAD ATTORNEY, Wolf Popper LLP, New York, NY.

For Staro Asset Management LLC, Consol Plaintiff: Joseph Albert McDermott, III, LEAD ATTORNEY, Attorney at Law, Houston, TX; Sherrie R Savett, Arthur Stock, LEAD ATTORNEY, Berger & Montague PC, Philadelphia, PA.

For Ariel Holdings LLC, 4:01cv4493, Consol Plaintiff: Jonathan M Plasse, [*9] LEAD ATTORNEY, Labaton Sucharow et al, New York, NY; Roger B Greenberg, LEAD ATTORNEY, Schwartz Junell et al, Houston, TX.

For James Morton Elliott, 4:01cv4370, Consol Plaintiff: David B Kahn, LEAD ATTORNEY, Attorney at Law, Northfield, IL; Thomas E Bilek, LEAD ATTORNEY, The Bilek Law Firm LLP, Houston, TX.

For Allen Barkin, 4: 01cv4370, Beatrice Barkin, 4: 01 cv4394, Consol Plaintiff: Saul Roffe, LEAD ATTORNEY, Sirota & Sirota LLP, New York, NY.

For Kevin Kueser, 4: 01cv4488, Patricia D Parsons,

2008 U.S. Dist. LEXIS 84708, *9
Fed. Sec. L. Rep. (CCH) P95,718

Howard Bruce Klein, Consol Plaintiff: Tom Alan Cunningham, LEAD ATTORNEY, Cunningham Darlow LLP, Houston, TX.

For Roy E Rinard, Steve Lacey, Consol Plaintiff: John G Emerson, LEAD ATTORNEY, Emerson Poynter LLP, Houston, TX.

For Deutsche Asset, Management, HBK Investments, Frank Anthonym, Cammarata, III, 4:01cv3993, James Brill 4:01cv3734, Elmar A, Busch 4: 01cv3735, John P McCarthy Money, Purchase Plan 4:01cv3686, Kenneth Franklin 4:01cv4106, Warren Pinchuck 4:01cv3736, Dr Robert Pearlstein 4:01 cv4396, Sidney Kessous 4:01cv4229, Individually Steven Frank and on behalf of all others similarly situated, Robert J Casey, II 4:01cv3647, Individually Ruth I Horton 4:01cv3647, Mahin S Mashayekh, 4:01cv3737, [*10] Barbara D Lee 4:01cv3789, Danielle M Karcich 4:01cv3838, Andrew J Karcich, 4:01cv3789, individually Naomi Raphael and on behalf of all others similarly situated, James J Daly Trustee of the James J Daly IRA Rollover 4:01cv4189, Izidor Klein 4:02cv117, Fathollah Hamedani 4:01cv4431, Consol Plaintiff: Thomas E Bilek, LEAD ATTORNEY, The Bilek Law Firm LLP, Houston, TX.

For Frank Wilson, 4:01cv3652, Consol Plaintiff: Sherrie R Savett, LEAD ATTORNEY, Berger & Montague PC, Philadelphia, PA.

For J Michael Gottesman, 4:01cv3660, Consol Plaintiff: Aaron Brody, LEAD ATTORNEY, Stull Stull et al, New York, NY; Thomas E Bilek, LEAD ATTORNEY, The Bilek Law Firm LLP, Houston, TX.

For Muriel P Kaufman, 4:01cv3682, Consol Plaintiff: James D Baskin, III, The Baskin Law Firm, Austin, TX; Robert N Kaplan, LEAD ATTORNEY, Kaplan Fox et al, New York, NY.

For Victor Ronald Frangione, 4:01cv3889, Consol Plaintiff: William B Federman, LEAD ATTORNEY, Federman Sherwood, Oklahoma City, OK.

For George Nicoud, 4:01cv4009, Consol Plaintiff: Thomas W Sankey, LEAD ATTORNEY, Duane Morris, LLP, Houston, TX.

For Susan Copley, 4:01cv4168, Consol Plaintiff: Michael D Donovan, LEAD ATTORNEY, Donovan Searles LLC, Philadelphia, [*11] PA; Thomas E Bilek, LEAD

ATTORNEY, The Bilek Law Firm LLP, Houston, TX.

For William Davis, Roxann Davis, 4: 02cv1830, E Bruce Chaney, Consol Plaintiff: Steven E Cauley, LEAD ATTORNEY, Emerson Poynter LLP, Little Rock, AR.

For Ralph A Wilt, Jr, Consol Plaintiff: Larry E Klayman, Meredith Cavallo Di Liberto, LEAD ATTORNEY, Judicial Watch Inc, Washington, DC.

For William Scoular, 4:02cv592, Consol Plaintiff: Tom Alan Cunningham, LEAD ATTORNEY, Cunningham Darlow LLP, Houston, TX.

For Marcus Oates, 4:02cv490, Consol Plaintiff: Debra Brewer Hayes, LEAD ATTORNEY, Reich & Binstock, Houston, TX; Paul Thomas Warner, LEAD ATTORNEY, The Warner Law Firm, Houston, TX.

For Morgan Krim, 4:02cv1239, Consol Plaintiff: Harvey Greenfield, LEAD ATTORNEY, Attorney at Law, New York, NY; Laura M Perrone, LEAD ATTORNEY, Law Firm of Harvey Greenfield, New York, NY.

For Investors Partner Life Insurance Company, John Hancock Life Life Insurance Company, Consol Plaintiff: Edward Morgan Carstarphen, III, LEAD ATTORNEY, Ellis Carstarphen et al, Houston, TX; Mark A Strauss, Roger W Kirby, LEAD ATTORNEY, Kirby McInerney et al, New York, NY.

For The Public Employees Retirement Systems of the State of Nebraska, Consol Plaintiff: [*12] Fredrick F Neid, LEAD ATTORNEY, Ass't Atty Gen, Lincoln, NE.

For Tittle Plaintiffs, Consol Plaintiff: Robin L Harrison, LEAD ATTORNEY, Campbell Harrison et al, Houston, TX; Steve W Berman, LEAD ATTORNEY, Hagens Berman Sobol Shapiro LLP, Seattle, WA; Britt L Tinglum, Derek W Loeser, Erin M Riley, Lynn Lincoln Sarko, Keller Rohrback LLP, Seattle, WA.

For Bobby Lutz, 4:02cv1597, Consol Plaintiff: Baxter Ward Banowsky, LEAD ATTORNEY, Banowsky Levine PC, Dallas, Tx.

For Peter M Norris, Catherine D Norris, Ken J McCall, Mary Frye McCall, Sandra Lei, Larry Robert Kunz, Dianne Sue Kunz, Nolan G Johnson, Nolan G Johnson, II, as custodian for Demetria Johnson and Laura Johnson, Demetria Johnson, Laura Johnson, David William Crenshaw, BG Ink Investment Club, Charles L Prater,

individually, and on behalf of all others similarly situated, Consol Plaintiff: Gary Benjamin Pitts, LEAD ATTORNEY, Pitts and Mills, Houston, TX; Kenneth F McCallion, LEAD ATTORNEY, McCallion & Associates, New York, NY.

For Shelly Douglass, 4:02cv1825, John Barnett MD 4:02cv1826, John Anson 4:02cv182, Leslie H Duncan, David R Wortham 4:02cv1831, Phil E Parham 4: 02cv1833, Peggy A Parham 4:02cv1833, Consol Plaintiff: Damon Michael [*13] Young, LEAD ATTORNEY, Young Pickett et al, Texarkana, TX.

For Mark E McKinney, 4: 02cv1869, Consol Plaintiff: Jeffrey R Krinsk, LEAD ATTORNEY, Attorney at Law, San Diego, CA.

For Stephen Phillips, 4:02cv 1829, Consol Plaintiff: Corey D Holzer, LEAD ATTORNEY, Holzer Holzer et al, Atlanta, GA; Damon Michael Young, LEAD ATTORNEY, Young Pickett et al, Texarkana, TX.

For Stephen A McIntyre, 4:02cv1923, Consol Plaintiff: Curtis L Bowman, LEAD ATTORNEY, Cauley Geller et al, Little Rock, AR; Steven E Cauley, LEAD ATTORNEY, Emerson Poynter LLP, Little Rock, AR.

For Individually Barbara G Smith, 4:02cv2323 George Hasegawa, 4:02cv2323, Consol Plaintiff: Damon Michael Young, LEAD ATTORNEY, Young Pickett et al, Texarkana, TX.

For Patrick P Rogers, 4: 02cv2702, Consol-Plaintiff: Keith Alan Ward, LEAD ATTORNEY, Shannon Gracey et al, Austin, TX.

Mike Lange, 4:02cv2856, Consol Plaintiff, Pro se, Fairfield, CT.

Reinhardt Lange, 4:02cv2856, Consol Plaintiff, Pro se.

For Enron Stockholders United Inc, a Colorado non-profit corporation, Assignee, Consol Plaintiff: John Lee Ringgenberg, LEAD ATTORNEY, Attorney at Law, Littleton, CO.

For Peter J Shortridge, 4:02cv2977, Consol Plaintiff: Richard A Lockridge, LEAD [*14] ATTORNEY, Lockridge Grindal et al, Minneapolis, MN.

For Nathaniel Pulsifer, Trustee of the Shooters Hill Revocable Trust individually and on behalf of all others

similarly situated, Consol Plaintiff: Robert C Finkel, LEAD ATTORNEY, Wolf Popper LLP, New York, NY; Roger B Greenberg, LEAD ATTORNEY, Schwartz Junell et al, Houston, TX; Tom Alan Cunningham, LEAD ATTORNEY, Cunningham Darlow LLP, Houston, TX.

For Silvercreek Management Inc, Silvercreek Limited Partnership, Silvercreek II Limited, Pebble Limited Partnership, Consol Plaintiff: Aron K Liang, Joseph W Cotchett, Steven Noel Williams, LEAD ATTORNEY, Cotchett, Pitre & McCarthy, Burlingame, CA; Stanley M Grossman, LEAD ATTORNEY, Pomerantz Haudek et al, New York, NY.

For Onex Industrial Partners Limited, Consol Plaintiff: Joseph W Cotchett, Steven Noel Williams, LEAD ATTORNEY, Cotchett, Pitre & McCarthy, Burlingame, CA; Stanley M Grossman, LEAD ATTORNEY, Pomerantz Haudek et al, New York, NY.

For Washington State Investment Board, Employer-Teamsters Local Nos. 175 and 505 Pension Trust Fund, on behalf of themselves and all others similarly situated, Consol Plaintiff: Regina M Ames, LEAD ATTORNEY, Coughlin Stoia et al, Los Angeles, CA; Roger [*15] B Greenberg, LEAD ATTORNEY, Schwartz Junell et al, Houston, TX; Shawn M Hays, William S Lerach, LEAD ATTORNEY, Lerach Coughlin et al, San Diego, CA; Thomas E Bilek, LEAD ATTORNEY, The Bilek Law Firm LLP, Houston, TX; Keith F Park, Coughlin et al, San Diego, CA.

For Benjamin M Goode, 4:02cv4149, Consol Plaintiff: Howard C Goode, LEAD ATTORNEY, Attorney at Law, Northbrook, IL; Philip T Reinstein, LEAD ATTORNEY, Reinstein & Sherman, Northbrook, IL.

For Harold Van der Linde, 4:02cv4197, Terry Perrin, 4:02cv4197, Jerome R Popky, 4: 02cv4197, Doris E Popky 4:02cv4197, David Khakshoyv, 4:02cv4197, Virginia Humphreys, 4:02cv4197, Larry A Warner, 4:02cv4197, Hatsuko Broman, 4: 02cv4197, Ambrose J Picone, 4:02cv4197, Barbara Prebelish, 4:02cv4197, Consol Plaintiff: John H Boone, LEAD ATTORNEY, Attorney at Law, Palm Springs, CA; Joseph M Alioto, LEAD ATTORNEY, Alioto Law Firm, San Francisco, CA.

For Kevin Lamkin, individually Janice Schuette Janice Schiette, individually, and as representative of those

2008 U.S. Dist. LEXIS 84708, *15
Fed. Sec. L. Rep. (CCH) P95,718

similarly situated, Consol Plaintiff: Andy Wade Tindel, LEAD ATTORNEY, Provost Umphrey LLP, Tyler, TX; Bonnie E Spencer, LEAD ATTORNEY, Spencer & Associates, Houston, TX; Thomas Walter Umphrey, LEAD [*16] ATTORNEY, Provost & Umphrey, Beaumont, TX.

For Stephen Miller, Stephen Miller, individually and on behalf of all others similarly situated, Robert Ferrell, Consol Plaintiff: Andy Wade Tindel, LEAD ATTORNEY, Provost Umphrey LLP, Tyler, TX; Thomas Walter Umphrey, LEAD ATTORNEY, Provost & Umphrey, Beaumont, TX.

For Public Employees Retirement System Board, State Teachers Retirement System of Ohio, School Employees Retirement System of Ohio, Ohio State Highway Patrol Retirement System, Consol Plaintiff: Keith W Schneider, LEAD ATTORNEY, Maguire & Schneider, Columbus, OH; Sidney S Liebesman, LEAD ATTORNEY, Grant & Eisenhofer PA, Wilmington, DE.

For Variable Annuity Life Insurance Company, VALIC CO I AIG Annuity Insurance Company Sun America Life Insurance Company, Aldersgate (Del) No 3 LLC, Consol Plaintiff: Patrick Andrew Zummo, LEAD ATTORNEY, Law Offices of Patrick Zummo, Houston, TX; J Michael Hennigan, Hennigan Bennett et al, Los Angeles, CA.

For AIG Sunamerica Life Assurance Company, Consol Plaintiff: Patrick Andrew Zummo, LEAD ATTORNEY, Law Offices of Patrick Zummo, Houston, TX; Spencer A Burkholz, LEAD ATTORNEY, Coughlin Stoia et al, San Diego, CA; J Michael Hennigan, Hennigan Bennett [*17] et al, Los Angeles, CA.

For Headwaters Capital LLC, 4: 03cv00341 1/16/08 JAS Securities LLC, 4: 03cv00341 01/16/08, Consol Plaintiff: Daniel James Petroski, Jr, LEAD ATTORNEY, Vahldiek, Cano & Petroski, Houston, TX.

For Individually Lila Ward, and on behalf of all others similarly situated, Consol Plaintiff: William B Federman, Federman Sherwood, LEAD ATTORNEY, Oklahoma City, OK; J Allen Carney, Cauley Bowman et al, Little Rock, AR.

For Onyx Industrial Services Inc, Peeble Limited Partnership, Consol Plaintiff: Stanley M Grossman, LEAD ATTORNEY, Pomerantz Haudek et al, New York, NY; Steven Noel Williams, LEAD ATTORNEY,

Cotchett, Pitre & McCarthy, Burlingame, CA.

For Conseco Annuity Assurance Company, Conseco Annuity Assurance Company, Consol Plaintiff: Edward F Haber, LEAD ATTORNEY, Shapiro Haber et al, Boston, MA; William Kelly Puls, LEAD ATTORNEY, Attorney at Law, Fort Worth, TX.

Westboro Properties, Stonehurst Capital. Inc LLC, Consol Plaintiff, Prose.

For The Retirement Systems of Alabama, consisting of The Employees Retirement System of Alabama and The Teachers Retirement System of Alabama, and as administrator of The Public Employees Individual Retirement Account Fund, pension funds [*18] of the State of Alabama, Consol Plaintiff: Thomas T Gallion, III, Constance C Walker, Haskell Slaughter et al, Montgomery, AL; Dorothy R Drake, Michael K K Choy, Page A Poerschke, J Michael Rediker, Haskell Slaughter et al, Birmingham, AL.

For Joe H Walker, Andrew H Walker, Deborah C Walker, Consol Plaintiff: Andrew R Tillman, LEAD ATTORNEY, Paine Tarwater Bickers & Tillman LLP, Knoxville, TN.

For California Public Employees Retirement System, Consol Plaintiff: Joseph W Cotchett, Steven Noel Williams, LEAD ATTORNEY, Cotchett, Pitre & McCarthy, Burlingame, CA.

For Sara J McMurray, Consol Plaintiff: Carol V Gilden, LEAD ATTORNEY, Attorney at Law, Chicago, IL.

For American National Insurance Company, Consol Plaintiff: Andrew J Mytelka, Tara Beth Annweiler, Steven Carl Windsor, Greer Herz & Adams, Galveston, TX.

For American National Investment Accounts Inc, Consol Plaintiff: Andrew J Mytelka, Greer Herz & Adams, Galveston, TX.

For Standard Chartered Bank, DZ Bank AG Deutsche Zentral- Genossenschaftsbank, Frankfurt Main, New York Branch, Dresdner Bank AG, New York and Grand Cayman Branches, Arab Banking Corporation, New York Branch, WestLB AG, formerly known as Westdeutsche Landesbank Girozentrale, [*19] New York Branch, Consol Plaintiff: David Alan Solomon, Jeffrey Lewis Glatzer, LEAD ATTORNEY, Anderson Kill Olick PC,

2008 U.S. Dist. LEXIS 84708, *19
Fed. Sec. L. Rep. (CCH) P95,718

New York, NY.

For Wai Chinn, Consol Plaintiff: Charles W Kelly, LEAD ATTORNEY, Kelly Sutter et al, Houston, TX.

For Westpac Banking Corporation, Consol Plaintiff: Brian P Johnson, LEAD ATTORNEY, Johnson Spalding Doyle West and Trent, Houston, TX; Charles G Berry, Robert A Goodman, Arnold & PorterNew York, NY; Brian Steven Traficante, New York, NY.

For Merrill Lynch & Company, Inc., Merrill Lynch Pierce Fenner & Smith, Inc, Appellant: David Michael Gunn, LEAD ATTORNEY, Beck Redden Secrest LLP, Houston, TX.

For Enron Corporation, Defendant: Scott David Lassetter, The Lassetter Law Firm, Houston, TX; John B Strasburger, Weil Gotshal and Manges, Houston, TX.

For Jeffrey J Skilling, Defendant: Jeffrey Kilduff, LEAD ATTORNEY, O'Melveny & Myers, Washington, DC; Robert K Spotswood, LEAD ATTORNEY, Attorney at Law, Birmingham, AL; Robert M Stern, Jeffrey A Barker, O'Melveny & Myers LLP, Los Angeles, CA; Ronald Gene Woods, LEAD ATTORNEY, Attorney at Law, Houston, TX; Salvador M Hernandez, LEAD ATTORNEY, Bowen Riley et al, Nashville, TN; William J Melley, III, LEAD ATTORNEY, Attorney [*20] at Law, Hartford, CT; Kenneth D Sansom, Spotswood LLC, Birmingham, AL.

For Arthur Andersen LLP, Defendant: Anne Sikes Hornsby, U, Warren B Lightfoot, LEAD ATTORNEY, Lightfoot Franklin White LLC, Birmingham, AL; Catherine E Palmer, James J Farrell, Miles N Ruthberg, Alicia A Pell, Latham & Watkins LLP, Los Angeles, CA; Christopher C Costello, Eliot Lauer, Michael J Moscato, LEAD ATTORNEY, Curtis Mallet-Prevost et al, New York, NY; Daniel F Kolb, Sharon Katz, LEAD ATTORNEY, Davis Polk et al, New York, NY; George W "Billy&q Shepherd, III, LEAD ATTORNEY, Cruse Scott et al, Houston, TX; Jeffrey S Bagnell, LEAD ATTORNEY, Garrison Levin Epstein et al, New Haven, CT; Matthew D Harrison, Peter Wald, Camille N Rybar, Charles W Cox, III, Christopher R Harris, Ethan J Brown, Gabriel G Gregg, Latham Watkins, San Francisco, CA; Stan G Roman, LEAD ATTORNEY, Krieg Keller, San Francisco, CA; Andrew Ramzel, Administaff, Inc., Kingwood, TX; Benard V Preziosi; Myles Bartley; Samuel Rosenthal; Seth L Friedman,

Latham and Watkins, New York, NY; Theresa Ann Foudy; Turner P Smith.

For David B Duncan, Defendant: Barry G Flynn, LEAD ATTORNEY, Attorney at Law, Houston, TX; Ethan A Levin Epstein, Jeffrey S Bagnell, [*21] LEAD ATTORNEY, Garrison Levin Epstein et al, New Haven, CT; Sharon Katz, LEAD ATTORNEY, Davis Polk et, New York, NY.

For Michael J Kopper, Defendant: Barnet B Skelton, Jr, LEAD ATTORNEY, Attorney at Law, Houston, TX.

For LJM2 Co-Investment LP, Defendant: Mark K Glasser, LEAD ATTORNEY, Baker Botts, Houston, TX.

For Credit Suisse First Boston Corporation, Defendant: Andrew B Kratenstein, Darin P McAtee, Julia A North, Julie Ann North, Karin A DeMasi, LEAD ATTORNEY, Cravath Swaine et al, New York, NY; Charles G King, III, LEAD ATTORNEY, King & Pennington LLP, Houston, TX; George Walton Walker, III, LEAD ATTORNEY, Copeland France et al, Montgomery, AL; Lawrence David Finder, Haynes & Boone LLP, Houston, TX; Richard W Clary, William Chester Wilkinson, LEAD ATTORNEY, Thompson Hine LLP, Columbus, OH.

For Barclays PLC, Defendant: Adam R Brebner, Caroline M Flintoft, David H Braff, Jennifer Parkinson, Julian C Swearengin, Marc DeLeeuw, Michael T Tomaino, Jr, Richard H Klapper, Todd G Cosenza, Daniel H R Laguardia, Matthew A Parham, Peter Tsapatsaris, Rajwant Mangat, Steven J Purcell, James V Masella, III, Jeffrey T Scott, Sullivan & Cromwell LLP, New York, NY; Angelo Russo, LEAD ATTORNEY, Howrey [*22] Simon, Chicago, IL; Barry Abrams, LEAD ATTORNEY, Abrams Scott et al, Houston, TX; Charles G King, III, LEAD ATTORNEY, King & Pennington LLP, Houston, TX; James W Bowen, Hunton & Williams, Dallas, TX; Marc I Machiz, Cohen Milstein et al, Philadelphia, PA.

For Canadian Imperial Bank of Commerce, Defendant: Charles G King, III, LEAD ATTORNEY, King & Pennington LLP, Houston, TX; Curtis D Ripley, Mary K Mandeville, Michele L Odorizzi, T Mark McLaughlin, Andrew D Campbell, Jordan M Rudnick, Mayer Brown et al, Chicago, IL; Eric H Cottrell, LEAD ATTORNEY, Mayer Brown Rowe and Maw, Charlotte, NC; Mark Daniel Manela, LEAD ATTORNEY, Mayer Brown et, Houston, TX; Charles E Geister, III, David A Elder,

2008 U.S. Dist. LEXIS 84708, *22
Fed. Sec. L. Rep. (CCH) P95,718

Drew Neville, Kurt M Rupert, Lincoln C McElroy, Ryan S Wilson, Hartzog Conger et al, Oklahoma City, OK; James W Bowen, Hunton & Williams, Dallas, TX.

For Deutsche Bank AG, Defendant: Alan S Madans, LEAD ATTORNEY, Rothschild Barry et al, Chicago, IL; Charles G King, III, LEAD ATTORNEY, King & Pennington LLP, Houston, TX; Joel M Androphy, LEAD ATTORNEY, Berg & Androphy, Houston, TX; Lance Croffoot-Suede, Lawrence Byrne, Jonathan Grant, Joseph B Schmit, Ruth Harlow, Linklaters LLP, New York, NY; Owen Pell, [*23] Timothy Pfeifer, Cyrus M Nezhad, Johanna S Wilson, Jonathan Beemer, White & Case LLP, New York, NY.

For Merrill Lynch & Co, Defendant: Adam S Hakki, Daniel M Segal, Michael Cordera, Benoit Quarmby, Herbert S Washer, LEAD ATTORNEY, Shearman & Sterling LLP, New York, NY; Avidan J Stern, LEAD ATTORNEY, Jenner Block LLC, Chicago, IL; Charles G King III, LEAD ATTORNEY, King & Pennington LLP, Houston, TX; David J Beck, LEAD ATTORNEY, Beck Redden and Secrest, Houston, TX; Ignatius Grance, James D Miller, Christopher M Joralemon, James B Weidner, LEAD ATTORNEY, Clifford Chance US, New York, NY; John Wolcott Zeiger, LEAD ATTORNEY, Zeiger & Carpenter, Columbus, OH; N Lee Cooper, LEAD ATTORNEY, Maynard Cooper et al, Birmingham, AL; Taylor M Hicks, Jr, LEAD ATTORNEY, Hicks Thomas et al, Houston, TX; Timothy K Roake, LEAD ATTORNEY, Gibson Dunn et al, Palo Alto, CA; James W Bowen, Hunton & Williams, Dallas, TX; Lawrence David Finder, Haynes & Boone LLP, Houston, TX; Madeleine F Grossman, Levett Rockwood PC, Westport, CT.

For Alliance Capital Management LP, Defendant: James N Benedict, James F Moyle, Mark A Kirsch, Guy C Quinlan, Jason A D'Angelo, Clifford Chance US LLP, New York, NY; Ronald Earl [*24] Cook, LEAD ATTORNEY, Cook & Roach LLP, Houston, TX; Sean M Murphy, Attorney at Law, New York, NY.

For James Friedlieb, Arthur Andersen LLP, Michael L Bennett, Debra A Cash, Gary B Goolsby, Michael D Jones, Michael M Lowther, Benjamin Neuhausen, Michael C Odom, Rick Petersen, William E Swanson, Gregory W Hale, Donald Dreyfus, Defendant: George W "Billy&q Shepherd, III, LEAD ATTORNEY, Cruse Scott et al, Houston, TX.

For Kevin P Hannon, Defendant: Salvador M Hernandez, LEAD ATTORNEY, Bowen Riley et al, Nashville, TN; David L Schwarz, Reid M Figel, Kellogg Huber et al, Washington, DC.

For Banc of America Securities Limited, Defendant: Charles G King, III, LEAD ATTORNEY, King & Pennington LLP, Houston, TX; R Paul Yetter, LEAD ATTORNEY, Yetter Warden et al LLP, Houston, TX.

For Kristina Mordaunt, Defendant: Robert Hayden Burns, Liskow & Lewis, Houston, TX.

For James Noles, Defendant: Matthew Todd Lowther, Spencer M Taylor Balch & Bingham LLP, LEAD ATTORNEY, Birmingham, AL; James L Noles, Jr.

For Paul Choi, Defendant: Ronald T Adams, LEAD ATTORNEY, Black Helterline LLP, Portland, OR.

For Hunter Shively, Defendant: Michael L Spafford, McKee Nelson LLP, Washington, DC.

For Alfred Pennisi, Defendant: [*25] David Michael Bond, LEAD ATTORNEY, Boyar & Miller PC, Houston, TX.

For Finacial Institution Defendants, Defendant: Hugh R Whiting, LEAD ATTORNEY, Jones Day, Houston, TX; Justin McKenzie Waggoner, Smyser Kaplan et al, Houston, TX; Lawrence David Finder, Haynes & Boone LLP, Houston, TX.

For State Street Bank And Trust Company, Defendant: John A Reding, Jr., LEAD ATTORNEY, Paul Hastings et al, San Francisco, CA.

For Moody Investors Service Inc, Defendant: Mark K Glasser, LEAD ATTORNEY, Baker Botts, Houston, TX.

For Outside Directors Enron, Defendant: Kathy Dawn Patrick, Aundrea Kristine Frieden, Brian Turner Ross, Jennifer H Greer, Gibbs & Bruns LLP, Houston, TX.

For Ian Schottlaender, Defendant: Amy Catherine Dinn, Gardere Wynne et al, Houston, TX.

For Bank Of America, N.A., Bank of America Corporation, Banc of America Securities LLC, Defendant: Charles G King, III, LEAD ATTORNEY, King & Pennington LLP, Houston, TX.

2008 U.S. Dist. LEXIS 84708, *25
Fed. Sec. L. Rep. (CCH) P95,718

For Barclays Bank PLC, Barclays Capital Inc, Defendant: Barry Abrams, LEAD ATTORNEY, Abrams Scott et al, Houston, TX; David H Braff, Richard H Klapper, Marc DeLeeuw, Sullivan & Cromwell LLP, New York, NY.

For Daniel Bayly, Defendant: Thomas Anthony Hagemann, Marla Thompson Poirot, [*26] Peter Scaff, Gardere Wynne Sewell LLP, Houston, TX.

For Richard A Causey, Defendant: C. Robert Mace, LEAD ATTORNEY, Tekell Book et al, Houston, TX.

For Credit Suisse First Boston USA Inc, Defendant: Lawrence David Finder, Odean L Volker, Haynes and Boone LLP, Houston, TX.

For Kevin Howard, Defendant: Matthew Okin, Okin & Adams LLP, Houston, TX.

For Mark E Koenig, Defendant: Philip T Inglima, Crowell & Moring LLP, Washington, DC.

For Michael Krautz, Defendant: Barry J Pollack, Kelley Drye et al, Washington, DC.

For Merrill Lynch & Co Inc, Defendant: David J Beck, LEAD ATTORNEY, Beck Redden and Secrest, Houston, TX; Lawrence David Finder, Haynes & Boone LLP, Houston, TX.

For Merrill Lynch, Pierce, Fenner & Smith Inc., Defendant: Lawrence David Finder, Haynes & Boone LLP, Houston, TX.

For Paulo V Ferraz Pereira, Defendant: Mark J Rochon, Miller & Cehvalier Chartered, Washington, DC.

For Royal Bank Of Canada, Defendant: Claude L Stuart, III, Phelps Dunbar LLP, Houston, TX.

For Jeffrey K Skilling, Defendant: Shannon M Barrett, O'Melveny Myers LLP, Washington, DC.

For Schuyler M Tilney, Defendant: Robert P Trout, LEAD ATTORNEY, Trout Cacheris, PLLC, Washington, DC.

For Credit Suisse First Boston LLC, [*27] Defendant: Odean L Volker, Haynes and Boone LLP, Houston, TX.

For Richard A Causey, Richard B Buy, Consol Defendant: Michael Joseph Walsh, LEAD ATTORNEY, Moukawsher & Walsh, Hartford, CT; Salvador M

Hernandez, LEAD ATTORNEY, Bowen Riley et al, Nashville, TN; Jessica Lynne Wilson, Nickens Keeton et al, Houston, TX.

For Stanley C Horton, Consol Defendant: Glen M Boudreaux, LEAD ATTORNEY, Jackson Walker LLP, Houston, TX; Salvador M Hernandez, LEAD ATTORNEY, Bowen Riley et al., Nashville, TN; Maryellen Shea, Boudreaux Leonard et al, Houston, TX.

For Goldman Sachs & Co, Consol Defendant: Charles G King, III, James P Pennington, LEAD ATTORNEY, King Pennington LLP, Houston, TX; Max Gitter, LEAD ATTORNEY, Cleary Gotlieb et al, New York, NY; Michael John Lawson, LEAD ATTORNEY, Morgan Lewis & Bockius, San Francisco, CA; Milo Petranovich, LEAD ATTORNEY, Lane Powell et al, Portland, OR; Melissa K Marler, Stephen T Ostrowski, Cleary Gottlieb Steen & Hamilton, New York, NY.

For Banc of America, Securities LLC, Consol Defendant: Charles G King, III, LEAD ATTORNEY, King & Pennington LLP, Houston, TX; Gregory A Markel, LEAD ATTORNEY, Cadwalader Wickersham et al, New York, NY; James P Pennington, LEAD ATTORNEY, [*28] King Pennington LLP, Houston, TX; Paul S Malingagio, LEAD ATTORNEY, Sheppard Mullin et al, Los Angeles, CA; Gregory G Ballard, Cadwalader Wickersham et al, New York, NY; Jason M Halper, Cadwalader Wickersham et al, New York, NY; Nancy I Ruskin, Cleary Gottlieb et al, New York, NY; Ronit Setton, Cadwalader Wickersham et al, New York, NY.

For Robert A Belfer, Ronnie C Chan, John H Duncan, Wendy L Gramm, Robert K Jaedicke, Norman P Blake, Jr, Consol Defendant: Kathy Dawn Patrick, Gibbs & Bruns LLP, Houston, TX; Robert E Gooding, LEAD ATTORNEY, Howrey Simon et al, Irvine, CA; W Neil Eggleston, Debevoise & Plimpton, LEAD ATTORNEY, Washington, DC; Aundrea Kristine Frieden, Brian Turner Ross, Michael Kenan Oldham, Gibbs Bruns LLP, Houston, TX.

For Charles A LeMaistre, Joe H Foy, Consol Defendant: Kathy Dawn Patrick, Brian Turner Ross, Gibbs & Bruns LLP, Houston, TX; Robert E Gooding, LEAD ATTORNEY, Howrey Simon et al, Irvine, CA; W Neil Eggleston, LEAD ATTORNEY, Debevoise & Plimpton, Washington, DC.

For Ken L Harrison, Consol Defendant: Eliot B Gersten,

2008 U.S. Dist. LEXIS 84708, *28
Fed. Sec. L. Rep. (CCH) P95,718

LEAD ATTORNEY, Gersten & Clifford, Hartford, CT; Malcolm Leonard McCune, LEAD ATTORNEY, Blackburn & McCune PC, Nashville, TX; Zachary W L Wright, [*29] Amy Joseph Pedersen, William F Martson, LEAD ATTORNEY, Tonkon Torp LLP, Portland, OR; F Jackson Lewis, Attorney at Law, Portland, OR; Paul Conable, Attorney at Law; Robyn E Ridler; Steven M Wilker.

For Mark E Koenig, Consol Defendant: Justin P Murphy, Philip T Inglima, LEAD ATTORNEY, Crowell Moring LLP, Washington, DC; Salvador M Hernandez, LEAD ATTORNEY, Bowen Riley et al, Nashville, TN.

For Steven J Kean, Cindy K Olson, Consol Defendant: Salvador M Hernandez, LEAD ATTORNEY, Bowen Riley et al, Nashville, TN; Jessica Lynne Wilson, Nickens Keeton et al, Houston, TX.

For Jeffrey McMahon, Consol Defendant: Michael Joseph Walsh, LEAD ATTORNEY, Moukawsher & Walsh, Hartford, CT; Salvador M Hernandez, LEAD ATTORNEY, Bowen Riley et al, Nashville, TN; Thomas M Kirkendall, LEAD ATTORNEY, Attorney at Law, The Woodlands, TX; William D Dolan, III, Venable Baetjer et al, Vienna, VA.

For Rebecca P Mark-Jusbasche, Consol Defendant: Garrett S Flynn, Attorney at Law, Farmington, CT; Helen Currie Foster, LEAD ATTORNEY, Graves Dougherty et al, Austin, TX; Jennifer Piskun Johnson, LEAD ATTORNEY, Austin, TX, John J McKetta, III, LEAD ATTORNEY, Graves Dougherty et al, Austin, TX.

For Paulo V Ferraz Pereira, Consol [*30] Defendant: Mark J Rochon, Patrick P de Gravelles, Emmett B Lewis, LEAD ATTORNEY, Miller & Chevalier, Washington, DC; W Neil Eggleston, LEAD ATTORNEY, Debevoise & Plimpton, Washington, DC.

For Frank Savage, Herbert S Winokur, Jr, Jerome J Meyer, Charts E Walker, Consol Defendant: Kathy Dawn Patrick, Aundrea Kristine Frieden, Brian Turner Ross, Michael Kenan Oldham, Gibbs & Bruns LLP, Houston, TX; Robert E Gooding, LEAD ATTORNEY, Howrey Simon et al, Irvine, CA; W Neil Eggleston, LEAD ATTORNEY, Debevoise & Plimpton, Washington, DC.

For John A Urquhart, Consol Defendant: John F Conway, Loughlin Fitzgerald et al, Wallingford, CT.

For Roger D Willard, Consol Defendants: George W "Billy&q Shepherd, III, LEAD ATTORNEY, Cruse Scott et al, Houston, TX; Alicia A Pell, James J Farrell, Latham & Watkins LLP, Los Angeles, CA; Camille N Rybar, Charles W Cox, III, Christopher R Harris, Ethan J Brown, Gabriel G Gregg, Matthew D Harrison, Latham Watkins, San Francisco, CA; Seth L Friedman, Latham and Watkins, New York, NY.

For John Doe Stewart, Consol Defendants: George W "Billy&q Shepherd, III, LEAD ATTORNEY, Cruse Scott et al, Houston, TX.

For Nancy A Temple, Consol Defendant: David E Ross, Mark C Hansen, [*31] LEAD ATTORNEY, Kellogg Huber et al, Washington, DC.

For John Wakeham, Consol Defendant: Robert E Gooding, LEAD ATTORNEY, Howrey Simon et al, Irvine, CA.

For Ben Glisan, Consol Defendant: Matthew M Horowitz, LEAD ATTORNEY, Wolf Horowitz et al, Hartford, CT; Tom P Allen, LEAD ATTORNEY, City Of Houston, Houston, TX.

For Kristina Mordaunt, Consol Defendant: Robert Hayden Burns, Liskow & Lewis, Houston, TX.

For William E Davis, 4:02cv1830, Consol Defendant: Damon Michael Young, LEAD ATTORNEY, Young Pickett et al, Texarkana, TX.

For Charles A Lemaistre, Consol Defendant: Jose A Lopez, LEAD ATTORNEY, Schopf and Weiss, Chicago, IL; Aundrea Kristine Frieden, Brian Turner Ross, Michael Kenan Oldham, Kathy Dawn Patrick, Gibbs Bruns LLP, Houston, TX.

For Credit Suisse Group, Consol Defendant: Lawrence David Finder, Haynes & Boone LLP, Houston, TX.

For Credit Suisse First Boston (USA) Inc, Consol Defendant: Andrew B Kratenstein, Darin P McAtee, Julie Ann North, Stephen Chien, Timothy W Blakely, LEAD ATTORNEY, Cravath Swaine et al, New York, NY; Lawrence David Finder, Haynes & Boone LLP, Houston, TX; Richard W Clary, LEAD ATTORNEY, Thompson Hine LLP, Columbus, OH; James W Bowen, Hunton & Williams, Dallas, [*32] TX.

For Credit Suisse First Boston Inc, Consol Defendant:

2008 U.S. Dist. LEXIS 84708, *32
Fed. Sec. L. Rep. (CCH) P95,718

Lawrence David Finder, Haynes & Boone LLP, Houston, TX; Richard W Clary, LEAD ATTORNEY, Thompson Hine LLP, Columbus, OH; Julie Ann North, LEAD ATTORNEY, Cravath Swaine et al, New York, NY.

For Deutsche Banc Alex Brown Inc, Consol Defendant: Bryan A Merryman, LEAD ATTORNEY, White & Case LLP, Los Angeles, CA; Joel M Androphy, LEAD ATTORNEY, Berg & Androphy, Houston, TX; Lance Croffoot-Suede, Lawrence Byrne, Linklaters LLP, New York, NY; Owen Pell, White & Case LLP, New York, NY.

For Deutsche Bank AG London, Consol Defendant: Joel M Androphy, LEAD ATTORNEY, Berg & Androphy, Houston, TX.

For J P Morgan Securities Holding Inc, J P Morgan Investment Corporation, Consol Defendant: Richard Warren Mithoff, Jr, LEAD ATTORNEY, Mithoff Law Firm, Houston, TX; Thomas C Rice, LEAD ATTORNEY, Simpson Thacher et al, New York City, NY; Bruce D Angiolillo, LEAD ATTORNEY, Simpson Thacher et al, New York City, NY; David J Woll, LEAD ATTORNEY, Simpson Thacher & Barlett, New York, NY; Jeffrey E Hall, Simpson Thacher & Bartlett LLP, Los Angeles, CA; Jonathan K Youngwood, LEAD ATTORNEY, Simpson Thacher & Bartlett, New York, NY.

For Chase Securities Inc, Consol [*33] Defendant, Richard Warren Mithoff, Jr, LEAD ATTORNEY, Mithoff Law Firm, Houston, TX.

For J P Morgan Securities Ltd, Consol Defendant: Thomas C Rice, LEAD ATTORNEY, Simpson Thacher et al, New York City, NY; Bruce D Angiolillo, LEAD ATTORNEY, Simpson Thacher et al, New York City, NY; David J Woll, LEAD ATTORNEY, Simpson Thacher & Barlett, New York, NY; Jason Rubin, Simpson Thacher et al, New York, NY; Jeffrey E Hall, Simpson Thacher & Bartlett LLP, Los Angeles, CA; Jonathan K Youngwood, LEAD ATTORNEY, Simpson Thacher & Bartlett, New York, NY.

For Dresdner Kleinwort Wasserstein Inc, Dresdner Kleinwort Wasserstein Securities LLC, Dresdner Kleinwort Wasserstein Services LLC, Dresdner Bank AG, Dresdner Bank AG London Branch, Consol Defendant: C Ian Anderson, Thomas J Hall, LEAD ATTORNEY, Chadbourne & Park LLP, New York, NY.

For ABN AMRO Incorporated, ABN AMRO Securities (USA) Inc, ABN AMRO Bank N V, Consol Defendant: C Evan Stewart, LEAD ATTORNEY, Brown Raysman et al, New York, NY; Tonya A Jacobs, LEAD ATTORNEY, Baker & Hostetler, Houston, TX.

For UBS Warburg LLC, Consol Defendant: Rodney Acker, LEAD ATTORNEY, Fulbright & Jaworski LLP, Dallas, TX.

For UBS Painewebber Inc, Consol Defendant: Rodney [*34] Acker, Fulbright & Jaworski LLP.

**JUDGES:** MELINDA HARMON, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** MELINDA HARMON

**OPINION**

**CONCLUSIONS OF LAW, FINDINGS OF FACT, AND ORDER RE AWARD OF ATTORNEYS' FEES FROM SETTLEMENT FUND**

**ROADMAP**

I. Conclusions of Law

A. Jurisdiction

B. Standard of Review for Fee Award

C. PSLRA and Fee Award

D. Federal Rule of Civ. P. 23

    E. Fee Methodology, the PSLRA, and the Fifth Circuit

        1. Percentage Method

        2. Contingent Fee Agreements and the Fifth Circuit

        3. PSLRA

        4. Common Fund Cases

        5. Hybrid Approach and the Fifth Circuit

        6. Megafund Rule

7. Reasonable Hourly Rate

8. *Johnson* Factors and the Multiplier

9. Enhancement: *City of Burlington v. Dague* and Fee-Shifting-Statute v. Common-Fund Cases

10. Enhancement Requirements

11. Burden of Proof

12. Compensating for Delay in Payment

13. Non-Class Counsel, The Common-Fund Doctrine, and the PSLRA

II. Findings of Fact

A. Fee Agreement and Percentage Method

1. 9.52% Fee Agreement

2. Size and Diversity of the Undertaking

3. Evaluation by Professor Coffee

4. Comparable Litigation Fee Awards

B. Alternatively, Lodestar Cross-Check

1. The Lodestar

2. Application of the *Johnson* Factors

a. time and labor required

b. novelty and difficulty of the issues

c. skill required to perform legal services [*35] properly

d. preclusion of other employment

e. customary fee

f. whether the fee is fixed or contingent

g. time limitations imposed by client or the circumstances

h. amount involved and the results obtained

i. experience, ability, and reputation of the attorney

j. undesirability of the case

k. nature and length of the professional relationship with the Regents

l. awards in similar cases

III. Remaining Objections from Class Members and Attorneys

A. Non-Objector Public Pension Funds

B. Objections To Issues Not Previously Addressed

1. General Objections by Multiple Parties

2. Individual Objections

a. Debra Lee Silverio

b. Peter Carfagna on Behalf of the Rita Murphy Carfagna & Peter A. Carfagna Irrevocable Charitable Lead Annuity Trust U/A DTD 5/31/96

c. Brian Dabrowski

d. Rinis Objectors

e. The Enron Savings Plan and the Enron Stock Ownership Plan

f. George S. Bishop, Jill R. Bishop, Lon Wilkens, and Betty Wilkens

g. Texas Attorney General

III. Court's Rulings

Pending before the Court in the above referenced cause is Lead Counsel Coughlin Stoia Rudman & Robbins LLP's [1] motion for an award of attorney's fees (instrument # 5815) from the total recovery of approximately $ 7.2 billion, [2] plus interest, achieved in

[*36] settlements in this action. [3] It is supplemented by a Statement, # 5864. Also pending, relating to the fee issue, are (1) a motion for additional information and for appointment of special master or enlargement of time for review (# 5963), filed by Peter Carfagna on behalf of Rita Murphy Carfagna & Peter A. Carfagna Irrevocable Charitable Lead Annuity Trust U/A DTD 5/31/96; (2) a motion for an order directing counsel to file and serve within two weeks a summary by law firm of what software was used by each firm to track and generate the time or billing records submitted, and CDs or DVDs of the data in electronic format with the metadata stripped (# 5967), filed by Rinis Travel Service Inc. Profit Sharing Trust U.A. 06/01/1989 and Michael J. Rinis, IRRA ("the Rinis Objectors"); and (3) Plaintiff Class Member/Objector Brian Dabrowski's unopposed request to file supplemental objection (# 5890). Chitwood Harley Harnes LLP and Cunningham Darlow LLP have withdrawn (# 5990) their partial objection to Lead Counsel's motion for an award of fees and their separate

motion for attorneys' fees and reimbursement of expenses (# 5858) after reaching an agreement with Lead Counsel regarding allocation [*37] of fees to them for legal services provided for the benefit of the class, to be paid out of whatever award granted pursuant to Lead Counsel's fee petition, all with the approval of Lead Plaintiff.

1   Lead Plaintiff originally chose Milberg Weiss Bershad Hynes & Lerach, LLP. In May 2004 the lawyers prosecuting this action withdrew from that firm and formed Lerach Coughlin Stoia Geller Rudman and Robbins LLP ("Lerach Coughlin"). After William Lerach retired from the firm in 2007, it was renamed Coughlin Stoia Rudman & Robins LLP ("Coughlin Stoia"). References to Coughlin Stoia in this opinion include its predecessors.

2   The settlement fund is comprised of the following recoveries:

| | |
|---|---|
| Andersen Worldwide | $ 33,330,000 |
| Bank of America | $ 69,000,000 |
| Lehman | $ 222,500,000 |
| Outside Directors/Harrison | $ 168,000,000 |
| LJM2 | $ 51,900,000 |
| Arthur Andersen | $ 72,500,000 |
| Kirkland & Ellis | $ 10,160,000 |
| Citigroup | $ 2,000,000,000 |
| JPMorgan Chase | $ 2,200,000,000 |
| CIBC | $ 2,400,000,000 |
| Total | $ 7,227,000,000 |

Declaration of Helen Hodges, # 5818 at 2.

3   It is undisputed that this amount represents the largest recovery ever in a class action.

Specifically Lead Counsel seeks a fee of 9.52% of the total recovery, or approximately $ 688 million, plus interest [*38] accrued, in accordance with a fee agreement negotiated with Lead Plaintiff the Regents of the University of California [4] at the outset of this litigation.

4   The Regents of the University of California was appointed Lead Plaintiff on February 15, 2002. The fee agreement, negotiated in December 2001-January 2002 between Lead Counsel's firm and James Hoist (former General Counsel, now General Counsel Emeritus), John Lundberg (Deputy General Counsel), and Lloyd Lee (University Counsel) of The Regents' General Counsel's Office, provided,

[T]his representation has been

undertaken on a contingent fee basis and [the] firm will look only to the proceeds of any recovery for all of our fees. We have agreed upon the following fees as a percentage of the recovery for the class: 0-$ 1 billion, 8%; $ 1-2 billion, 9%; $ 2+ billion, 10%. The higher percentages apply only to the marginal amounts. In addition, we will also advance all costs and disbursements, and will look only to the proceeds of any recovery for repayment of those costs.

# 5818, Declaration of Helen J. Hodges, Ex. 3 (Letter to James E. Holst from Milberg Weiss dated January 25, 2002; see also letter to Holst dated Dec. 18, 2001, also part [*39] of Ex. 3). As applied to the current recovery, this provision yields an overall percentage of 9.52%. See also Decl. of Christopher M. Patti, # 5796 at 7-8.

Alternatively, if the Court chooses to apply the lodestar method and the twelve factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1994), [5] Lead Counsel insists their requested fee of approximately $ 688 million is also fair and reasonable if calculated under that method. Providing an analysis of the *Johnson* factors, Lead Counsel claims that as of September 30, 2007, Coughlin Stoia's lodestar plus that of co-counsel was $ 127 million. Given the $ 688 million counsel would receive under the fee agreement, Lead Counsel requests the Court to apply a 5.4 multiplier to the $ 127 million lodestar to equal that amount. Alternatively, with counsel's subsequent substantial work up to and including December 15, 2007, including the Plan of Allocation, Coughlin Stoia and co-counsel collectively have spent a total of 289,593.35 hours on this litigation at a blended hourly rate of $ 456, resulting in a lodestar of $ 131,971,583.20, and they request a multiplier of 5.2 if this time period [6] is used. [7]

5 *Johnson* [*40] *v. Georgia Highway Express, Inc.* was a statutory (Title VII) fee-shifting case under 42 U.S.C. § 2000e-5(k)("In any action or proceeding under this subchapter the Court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the cost of the litigation."). See *infra* discussion of attorney's fees

under the common fund doctrine versus fee-shifting statutes, including footnote 10.

6 The Court finds the longer period appropriate for reasons discussed later.

7 Declaration of Helen Hodges, # 5818, P 18, PP 296-97, and Exs. 1 and 2. Lead Counsel reports that up to and including December 15, 2007, Coughlin Stoia by itself spent 248,803.91 hours, giving a lodestar of $ 113,251,049 of this amount.

In addition to their own documentation, Lead Counsel's fee request is supported by nationally prominent experts on fee awards in class actions: Professor Charles Silver from the University of Texas (# 5822, 5906); Professor John C. Coffee, Jr. from Columbia University Law School (# 5821); former Federal District Judge and Third Circuit Court of Appeals Judge H. Lee Sarokin (# 5819); Lucian Bebchuk, Professor of Law, Economics and Finance and Director of the Program [*41] on Corporate Governance at Harvard University (# 5820); and Kenneth M. Moscaret (# 5903, corrected 5911). Also in support of the requested fee award are Declarations from James H. Holst (# 5824) and Christopher M. Patti (# 5796) of the Regents, and Helen Hodges of Coughlin Stoia. (# 5818, 5909).

After substantial briefing on Lead Counsel's request for an award of fees, the Fairness Hearing held on February 29, 2008 regarding final approval of the settlement included extensive oral argument on the issue of the fee award. The Court has carefully reviewed those instruments in the record relating to the fee award issue. [8] Accordingly, in approving Lead Counsel's requested award, which the Court finds to be a fair and reasonable fee, the Court enters the following conclusions of law and findings of fact.

8 Instruments # 5796, 5799, 5800, 5815, 5816-36, 5839-40, 5845, 5849, 5852, 5856, 5864, 5866-69, 5872-72, 5875, 5877, 5879-82, 5884, 5886-88, 5890-5911, 5913, 5916-18, 5922, 5927, 5930-31, 5934, 5942-43, 5948-49, 5951, 5957, 5959, 5960, 5962, 5963, 5964, 5967, and 5974.

## I. Conclusions of Law:

### A. Jurisdiction

The Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331 over [*42] this dispute arising out of violations of the federal securities

2008 U.S. Dist. LEXIS 84708, *42
Fed. Sec. L. Rep. (CCH) P95,718

laws, in particular §§ 10(b), 20(a), and 20A of the Exchange Act of 1934, 15 U.S.C. §§ 78j(b), 78t(a), and 78t-1, and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, and §§ 11, 12(a) (2), and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77k, 77l(a)(2), and 77o. This Court also has jurisdiction under the Private Securities Litigation Reform Act of 1995 ("PSLRA") pursuant to § 22 of the Securities Act of 1933, 15 U.S.C. 77v, and § 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa.

As for personal jurisdiction over the absent plaintiff class members, in *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 105 S. Ct. 2965, 86 L. Ed. 2d 628 (1985), the Supreme Court noted the distinction between an out-of-state defendant haled into a foreign court to defend or suffer a default judgement and an absent class-action plaintiff who may lack all minimum contacts with the forum state and cited its earlier opinion in *Hansberry v. Lee*, 311 U.S. 32, 40-41, 61 S. Ct. 115, 85 L. Ed. 22 (1940):

> [A] "class" or "representative" suit was an exception to the rule that one could not be bound by a judgment *in personam* unless one was made fully a party in the traditional sense. . . . As the [*43] Court pointed out in *Hansberry*, the class action was an invention of equity to enable it to proceed to a decree in suits where the number of those interested in the litigation was too great to permit joinder. The absent parties would be bound by the decree so long as the named parties adequately represented the absent class and the prosecution of the litigation was within the common interest.

*Shutts*, 472 U.S. at 808. Thus "a forum State may exercise jurisdiction over the claim of an absent class-action plaintiff, even though the plaintiff may not possess the minimum contacts with the forum which would support personal jurisdiction over a defendant." *Id.* at 811. Nevertheless,

> [i]f the forum State wishes to bind an absent plaintiff concerning a claim for money damages or similar relief at law, it must provide minimal procedural due process protection. The plaintiff must receive notice plus an opportunity to be

heard and participate in the litigation, whether in person or through counsel. The notice must be the best practicable, "reasonably calculated under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. [*44] . . . The notice should describe the action and the plaintiffs' rights in it. Additionally, we hold that due process requires at a minimum that an absent plaintiff be provided with an opportunity to remove himself from the class by executing and returning an "opt out" or "request for exclusion" form to the court. Finally, the Due Process Clause of course requires that the named plaintiff at all times adequately represent the interests of the absent class members.

*Id.* at 811-12 [citations omitted]; *see also Silber V. Mabon*, 18 F.3d 1449, 1453-54 & n.3 (9th Cir. 1994)(applying *Shutts* in securities class action). Such reasonable notice and opportunity to opt out has been provided to out-of-state Class Members in this action.

**B. Standard of Review for Fee Award**

"The standards employed calculating attorneys' fees awards are legal questions subject to plenary review, but '[t]he amount of a fee award . . . is within the district court's discretion so long as it employs correct standards and procedures and makes findings of fact not clearly erroneous.'" *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 299 (3d Cir. 2005), *quoting Pub. Interest Research Group of N.J., Inc. v. Windall*, 51 F.3d 1179, 1184 (3d Cir. 1995). [*45] Thus the amount of an attorney's fee award by the district court is reviewed by the Fifth Circuit for abuse of discretion, while any fact finding underlying the award is reviewed for clear error. *Strong v. BellSouth Telecomms., Inc.*, 137 F.3d 844, 850 (5th Cir. 1998).

**C. PSLRA and Fee Award**

As a threshold matter, some parties have argued the Private Securities Litigation Reform Act of 1995 limits the award of attorney's fees and costs and preempts the traditional approaches to calculating a fee award. The relevant statute provides, "Total attorneys' fees and expenses awarded by the court to counsel for the plaintiff

class shall not exceed a reasonable percentage of the amount of any damages and prejudgment interest actually paid to the class." *See* 15 U.S.C. § 78u-4(a)(6). [9]

> 9 Lead Plaintiff's "share of any final judgment or of any settlement . . . shall be equal, on a per share basis, to the portion of the final judgment or settlement awarded to all other members of the class," although Lead Plaintiff may also recover "reasonable costs and expenses (including lost wages) directly relating to the representation of the class. . . ." 15 U.S.C. § 78u-4(a) (4).

The statute does not define "reasonable [*46] percentage." While the term expressly embraces the percentage method, the PSLRA does not prohibit the application of the lodestar method to fees as long as the result does not exceed a reasonable percentage of the class recovery. *See, e.g., In re Cendant Corp. Litig.,* 264 F.3d 201, 284-85 (3d Cir. 1001)(citing H.R. Conf. Rep. 104-369 ("By not fixing the percentage of fees and costs counsel may receive, the Conference Committee intends to give the court flexibility in determining what is reasonable on a case-by-case basis. The Conference Committee does not intend to prohibit use of the lodestar approach as a means of calculating attorney's fees. The provision focuses on the final amount of fees awarded, not the means by which such fees are calculated."), *cert. denied sub nom. Mark v. Cal. Pub. Employees' Retirement System,* 535 U.S. 929, 122 S. Ct. 1300, 152 L. Ed. 2d 212 (2002); *Rite Aid,* 396 F.3d at 300 ("We do not believe the Private Securities Litigation Reform Act precludes the use of the lodestar method as a check on the percentage-of-recovery. calculation."); *Manual for Complex Litig. Fourth* ("*MCL (Fourth)*"), § 12.122 (Federal Judicial Center 2004)("the lodestar is at least useful as a cross-check . . . using affidavits [*47] and other information provided by the fee applicant"). *See also* S. Rep. No. 104-98 at *12 (1995)("By not fixing the percentage of attorney's fees and costs that may be awarded, the Committee intends to give the court flexibility in determining what is reasonable on a case-by-case basis. The provision focuses on the final amount of damages awarded, not the means by which they are calculated.") As long as the resulting fee award is reasonable, it is not in violation of the PSLRA. The Advisory Committee Notes to Fed. R. Civ. P. 23(h), allowing an award of reasonable fees, states that the PSLRA "explicitly makes this factor a cap for a fee award in actions to which it applies."

It should also be noted that the statute empowers the Lead Plaintiff to choose and retain Lead Counsel, 15 U.S.C. § 78u-4(a)(3)(B)(v), including to select payment by the percentage method, as long as the result is reasonable.

## D. Federal Rule of Civil Procedure 23 and Court's Role

Fed. R. Civ. P. 23(e)(2) requires that the district court, when asked to approve a proposed settlement that would bind class members, to hold a hearing and determine whether the settlement "is fair, reasonable and adequate." As part of its [*48] duty to independently review and approve class action settlement agreements under Fed. R. Civ. P. 23 for the protection of the absent class and the public, the district court "must assess the reasonableness of the attorneys' fees" and ensure that they are "divided up fairly among plaintiffs' counsel." *Strong v. BellSouth Telecommunications, Inc.,* 137 F.3d 844, 849 (5th Cir. 1998); *In re High Sulfur Content Gasoline Products Liability Litigation,* 517 F.3d 220, 227-28 (5th Cir. 2008).

Federal Rule of Civil Procedure 23(e) states, "The claims, issues or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval."

Federal Rule of Civil Procedure 23(h) addresses the issues of attorney's fees and nontaxable costs and provides in relevant part:

> In a certified class action, the court may award **reasonable** attorney's fees and nontaxable costs that are authorized by law **or by the parties' agreement**. The following procedures apply:

> (1) A claim for an award must be made by motion under Rule 54(d) subject to the provisions of this subdivision (h), at a time the court sets. Notice of the motion must be served on all parties and, for motions by class [*49] counsel, directed to class members in a reasonable manner.

> (2) A class member; or a party from whom payment is sought, may object to the motion.

(3) The court may hold a hearing and must find the facts and state its legal conclusions under Rule 52(a). . . .

*Id.* (emphasis added by the Court). The Advisory Committee Notes indicate that "an action certified as a class" includes cases where a class is certified for settlement purposes.

In a common fund case, [10] as noted by the Third Circuit Task Force, [11]

there is a greater need for the judge to act as a fiduciary for the beneficiaries (who are paying the fee), particularly in the class action situation, because few if any of the action's beneficiaries actually are before the court at the time the fees are set. Judicial scrutiny is necessary inasmuch as the fee will be paid out of the fund established by the litigation, in which the defendant no longer has any interest, and the plaintiff's attorney's financial interests conflict with those of the fund beneficiaries. As a result there is no adversary process that can be relied upon in the setting of a reasonable fee.

*Report of the Third Circuit Task Force: Court Awarded Attorney Fees*, 108 F.R.D. 237, 251 (1986). [*50] Furthermore, "the plaintiffs' attorney's role changes from one of a fiduciary for the clients to that of a claimant against the fund created for the clients' benefit." *Id.* at 255.

10   Two exceptions to the American Rule that parties to a lawsuit generally pay their own expenses no matter which prevails are (1) statutes with fee-shifting provisions and (2) creation of a common fund for the benefit of a plaintiff class from which the court, exercising its equitable powers, can award plaintiffs' attorneys' fees. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247-67, 95 S. Ct. 1612, 44 L. Ed. 2d 141 (1975). Thus in the statutory fee shifting context, the unsuccessful litigant bears the burden of paying attorney's fees of the prevailing party, while in the common fund situation, the fee is taken from the common fund, diminishing the amount ultimately to be distributed to the plaintiff

class members, i.e., as with a contingent fee, "the plaintiff class pays its attorneys by sharing its recovery with them." *See, e.g., Skelton v. General Motors Corp.*, 860 F.2d 250, 251-53 (7th Cir. 1989). The fee-shifting statutes were intended to "encourag[e] the private prosecution of certain favored actions, by requiring defendants [*51] who have violated plaintiffs' rights to compensate plaintiffs for the costs they incurred to enforce those rights." *Id.* at 252-53. In contrast, the purpose of the "common fund doctrine," or "equitable fund doctrine," is "to avoid the unjust enrichment of those who benefit from the fund . . . who otherwise would bear none of the litigation costs." *Report of the Third Circuit Task Force: Court Awarded Attorney Fees*, 108 F.R.D. 237, 250 (1986)("based on the equitable notion that those who have benefited from the litigation should share its costs."). *See also Trustees v. Greenough*, 105 U.S. 527, 26 L. Ed. 1157 (1882)(in accord with traditional practice in courts of equity, a litigant or an attorney who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole); *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478-79, 100 S. Ct. 745, 62 L. Ed. 2d 676 (1980)(same); *Skelton*, 860 F.2d at 252 (the common fund doctrine is based on the idea that not one plaintiff, but all "those who have benefited from litigation should share its costs").

11   In 1985, a task force appointed by the Third Circuit Court of Appeals under the direction of Harvard University Professor [*52] Arthur Miller issued an influential study that argued for use of the percentage fee method in common fund cases and pointed out deficiencies of the lodestar method. *Report of the Third Circuit Task Force: Court Awarded Attorney Fees* 108 F.R.D. 237, 246-59 (1986). The Honorable H. Lee Sarokin, one of Lead Counsel's expert witnesses, was for seventeen years a United States District Judge and a United States Circuit Judge on the Third Circuit Court of Appeals. *Inter alia*, he also chaired the Task Force and notes that the Report "has been frequently used by both federal and state courts across the United States. It has also been cited as support for attorney fee awards in a multitude of published opinions." # 5819 at 3 (Copy of Report attached as Ex. B).

**E. Fee Methodology, the PSLRA, and The Fifth Circuit**

The two traditional methods employed by courts for determining an attorneys' fees award in common fund class action cases are (1) the percentage of the settlement fund (or contingent fee) method [12] and/or (2) the lodestar method (multiplying the number of hours reasonably expended by a reasonable hourly rate and then, in its discretion, in the Fifth Circuit the Court can adjust the lodestar [*53] up or down by applying the twelve factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1994)). [13] *Strong v. BellSouth Telecommunications, Inc.*, 137 F.3d 844, 850 (5th Cir. 1998); *Von Clark v. Butler*, 916 F.2d 255, 258 (5th Cir. 1990). As will be discussed, there are hybrid versions of the two.

12   Some courts applying the percentage method have tried to establish a specific "benchmark" percentage, either a particular number or a range, subject to adjustments depending on the particular facts of the case, but the suggested benchmark figures have been quite disparate. *See, e.g., In re Educational Testing Service Praxis Principles of Learning and Teaching: Grades 7-12 Litig.*, 447 F. Supp. 2d 612, 629-30 (E.D. La. 2006)(using 25% benchmark), *citing inter alia* MCL (4th) § 14.122 (a fee of 25% of the common fund "represents a typical benchmark"); *Faircloth v. Certified Finance, Inc.*, No. Civ. A. 99-3097, 2001 U.S. Dist. LEXIS 6793, 2001 WL 527489, *8-9 (E.D. La. 2001)(and cases cited therein);"*MCL (Fourth)*", § 14.121 at 188-90. A typical benchmark in a common fund case is 25% of the fund, but "in 'mega-cases' in which large settlements or awards serve as the basis for calculating [*54] a percentage, courts have often found considerably lower percentages of recovery to be appropriate. One court's survey of fee awards in class actions with recoveries exceeding $ 100 million found fee percentages ranging from 4.1% to 17.925%." *MCL (Fourth)* § 14.121 at 188-89, *citing In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 148 F.3d 283, 339-40 (3d Cir. 1998)(and cases cited therein). *See also Faircloth*, 2001 U.S. Dist. LEXIS 6793, 2001 WL 527489 at *8 ("Recent study has cast doubt on the assumption that fees awarded in percentage of common fund cases generally adhere to a twenty-five to thirty percent 'benchmark.' Particularly in extremely large recovery cases, percentage recoveries have often been well below twenty-five percent."), *citing the following cases*: *In re Cendant Corp. PRIDES Litig.*, 243 F.3d 722, 737-38 (3d Cir. 2001)(charting twelve cases in which fees ranging from 2.8% to 36% were a smaller percentage of the settlement because the total recovery was so large)(awarding 5.7%, at the low end of the range, but noting that higher awards in other cases were more justified by their facts than one would be in Cendant), *cert. denied*, 534 U.S. 889, 122 S. Ct. 202, 151 L. Ed. 2d 143 (2001); *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 52 (2d Cir. 2000) [*55] (affirming fee award of 4 percent of the class recovery and rejecting counsel's objections to the fee as a substantial departure from the 25 percent "benchmark" in the profession); *In re Dreyfus Aggressive Growth Mutual Fund Litig.*, 2001 U.S. Dist. LEXIS 8418, 2001 WL 709262, *4 (S.D.N.Y. June 22, 2001)(finding 30% of a common fund award "at the far end" of reasonableness for securities class actions, and awarding fees amounting to 15 percent of the fund); *In re Fine Host Corp. Sec. Litig.*, 2000 U.S. Dist. LEXIS 19367, 2000 WL 33116538 (D. Conn. Nov. 8, 2000)(awarding fees amounting to 17.5% of the class recovery). *See also Di Giacomo v. Plains All American Pipeline*, Nos. Civ. A. H-99-4137 and H-99-4212, 2001 U.S. Dist. LEXIS 25532, 2001 WL 34633373, *8 (S.D. Tex. 2001)(applying *Johnson* factors to measure the reasonableness of a proposed benchmark).

13   This Court notes that the Advisory Committee Notes to Fed. R. Civ. P. 23(h) commented about the award of "reasonable" attorney fees,

> Depending on the circumstances, courts have approached the determination of what is reasonable in different ways. In particular there is some variation among courts about whether in "common fund" cases the court should use the lodestar or percentage method of determining what fee is reasonable. [*56] The rule does not attempt to resolve the

2008 U.S. Dist. LEXIS 84708, *56
Fed. Sec. L. Rep. (CCH) P95,718

question of whether the lodestar or percentage approach should be viewed as preferable.

## 1. Percentage Method

The United States Supreme Court has held that the application of the percentage method is proper for determination of a reasonable fee award in common fund cases. *Blum v. Stenson*, 465 U.S. 886, 900 n.16, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984).

The Third Circuit Task Force concluded that the percentage method has certain significant advantages over the lodestar approach in contingent common-fund cases. Recommending the use of the percentage method when a common settlement fund is created, the influential Third Circuit Task Force's Report determined that a lodestar approach (1) "*increases the workload of an already overtaxed judicial system*"; (2) is "*insufficiently objective and produce[s] results that are far from homogenous*" [14]; (3) "*creates a sense of mathematical precision that is unwarranted in terms of the realities of the practice of law*"; (4) "*is subject to manipulation by judges who prefer to calibrate fees in terms of percentages of the settlement fund or of the amounts recovered by the plaintiffs or of an overall dollar amount*"; (5) "encourages lawyers to expend [*57] excessive hours, . . . engage in duplicative and unjustified work, inflate their 'normal' billing rate, and include fictitious hours or hours already billed on other matters, perhaps in the hope of offsetting any hours the court may not allow"; (6) "creates a disincentive for early settlement of cases"; (7) "*does not provide the district court with enough flexibility to reward or deter lawyers to that desirable objectives, such as early settlement will be fostered*"; and (8) "*works to the particular disadvantage of the public interest bar*" by undermining the efficacy of many of the fee statutes that Congress has enacted because the lodestars in the "'money' cases, such as securities, "are set higher than in cases under statutes promoting nonmonetary social objectives such as the Civil Rights Attorneys Fees Awards Act of 1976." 108 F.R.D. at 247-49 (emphasis in original). [15] The Third Circuit Task Force Report on *Selection of Class Counsel*, 208 F.R.D. 340, 421 (2002), asserts that "use of the lodestar may result in undercompensation of talented attorneys. Experienced practitioners know that a highly

qualified and dedicated attorney may do more for a class in an hour than another [*58] attorney could do in ten. The lodestar can end up prejudicing lawyers who are more effective with a lesser expenditure of time." One treatise writer has observed, "A lodestar figure cannot fully compensate counsel" in a contingency common fund case "because the resulting amount does not reflect the risk of nonpayment and thus is not equal to the fair market value of the counsel's services." 1 Alba Conte, *Attorney Fee Awards* § 2.10 (database updated May 2007). Furthermore, risk must be assessed ex ante, from the outset of the case, not in hindsight. *In re Cardinal Health Inc. Sec. Litigs..*, 528 F. Supp. 2d 752, 758 (S.D. Ohio 2007), *citing In re Cendant Corp. Litig.*, 264 F.3d 201, 282 (3d Cir. 2001).

14     The Task force observed, "Widespread variations in fees awarded lawyers, often in the same community, by different judges and in different categories of cases, have led to a loss of predictability as to treatment as well as a loss of confidence in the integrity of the fee-setting procedure." 108 F.R.D. at 246-47.

15     The Task Force did recommend use of the lodestar method for determining fees under fee-shifting statutes, which have different purposes and underlying policies [*59] than a common fund.

Here the requested percentage (blended 9.52%) of the settlement fund was that set out in a fee agreement between Lead Plaintiff and Lead Counsel at the beginning of the litigation. The *Restatement (Third) of the Law Governing Lawyers* § 34 (2007) proposes that the court should examine three issues in evaluating the reasonableness of a fee agreement. "First, when the contract was made, did the lawyer afford the client a free and informed choice?" Some of the circumstances the court should consider include the sophistication of the client in entering into the agreement, whether the client had a reasonable opportunity to pursue other legal representation, and whether the lawyer sufficiently informed the client of the probable cost, the benefits and the drawbacks of the agreement. *Id.* "Fees agreed to by clients sophisticated in entering such arrangements (such as a fee contract made by inside legal counsel in behalf of a corporation) should almost invariably be found reasonable." *Id.* The second issue is "does the contract provide for a fee within the range commonly charged by other lawyers in similar representations?" The court

should compare the percentage in the contingent-fee [*60] contract before it with "percentages commonly used in similar representations for similar services." Id. Third, did a subsequent change in circumstances make the fee contract unreasonable? Id. The Restatement observes, "Although reasonableness is usually assessed as of the time the contract was entered into, later events might be relevant." Id. "A contingent fee contract . . . allocates to the lawyer the risk that the case will require much time and produce no recovery, and to the client the risk that the case will require little time and produce a substantial fee. Events within the range of risks, such as a high recovery, do not make unreasonable a contract that was reasonable when made." Id.

Most federal courts use the percentage of the fund approach in awarding attorneys' fees in common fund classes. "'Despite the apparent advantages of the percentage fee method over the lodestar method in common fund cases the law in the Fifth Circuit concerning which method should be applied is 'at best unclear.'" 4 Alba Conte and Herbert B. Newberg, Newberg on Class Actions § 14:10 Hybrid Class Actions (4th ed. Database updated June 2007), quoting In re Harrah's Entertainment, Inc., No. Civ. A. 95-3925, 1998 U.S. Dist. LEXIS 18774, 1998 WL 832574, *3 (E.D. La. 1998)(citing [*61] In re Combustion, Inc., 968 F. Supp. 1116, 1134 (W.D. La. 1997)). Although the clear trend of the majority of courts in common fund cases is to use the percentage method, the Fifth Circuit has not expressly adopted such an approach. 4 Newberg on Class Actions § 14:10. Nor, for that matter, has it ever reversed a district court's application of the percentage method. Shaw v. Toshiba America Information Systems, 91 F. Supp. 2d 942, 967, n.15 (E.D. Tex. 2000)(("Quite the contrary, in Longden v. Sunderman, 979 F.2d 1095[, 1100 n.11] (5th Cir. 1992), the Fifth Circuit affirmed a percentage fee award in a securities class action, noting that the district court had stated its preference for the percentage-of-recovery method 'as a matter of policy.'").

**2. Fee Agreements and the Fifth Circuit**

Originally in Johnson v. Georgia Highway the Fifth Circuit applied the twelve factors in a statutory "fee-shifting" context. Subsequently, however, in Hoffert v. General Motors Corp., 656 F.2d 161, 165 (5th Cir. 1981), even though the parties had previously entered into a contingent fee agreement, the appellate panel applied the Johnson analysis to insure that the fee was

"reasonable under all circumstances [*62] of the case, including the risk and uncertainty of compensation." Thus in Hoffert where a fee agreement existed, the Fifth Circuit "blended" the percentage fee award with the Johnson factors. Strong, 137 F.3d at 849 ("[A] district court is not bound by the agreement of the parties to the amount of attorneys' fees. . . . The court must scrutinize the agreed-to fees under the standards set forth in Johnson . . . and not merely ratify a prearranged compact. [citations omitted]"), citing inter alia Piambino v. Bailey, 610 F.2d 1306, 1328 (5th Cir.)("A district court is not bound by the agreement of the parties as to the amount of attorneys' fees . . . . In fixing the amount of attorney's fees the court must, of course, take all of the Johnson criteria into account, including the difficulty of the case and the uncertainty of recovery. He is not, however, merely to ratify a pre-arranged compact.")(holding that by summarily approving attorney's fees in an unopposed settlement agreement the district court "abdicated its responsibility to assess the reasonableness of the attorneys' fees proposed under the settlement of a class action, and its approval of the settlement must be reversed on this [*63] ground alone."), cert. denied, 449 U.S. 1011, 101 S. Ct. 568, 66 L. Ed. 2d 469 (1980). See also Longden v. Sunderman, 979 F.2d 1095, 1100 & n.11 (5th Cir. 1992)(affirming district court's use of percentage method in evaluating fee petition where it was clear that the district court "had reviewed all of the relevant time and expense. records before arriving at its conclusions, and that it had discussed each Johnson factor when it had ruled on the fee issue."). Nevertheless, the district court's "Johnson analysis 'need not be meticulously detailed to survive appellate review,' . . . [but] must be 'complete enough to assume a review which can determine whether the court has used proper factual criteria in exercising its discretion to fix just compensation.' [citations omitted]" High Sulfur, 517 F.3d at 228.

**3. PSLRA**

At the same time, despite such conclusory remarks about application of the Johnson factors for fee awards in non-securities cases, it should be emphasized that the Fifth Circuit has never ruled on a fee award in a post-PSLRA securities class action case nor addressed the fact that the statute clearly permits Lead Plaintiff to choose how to retain Lead Counsel, including under a percentage-of-the-settlement-fund [*64] agreement, limited only by a requirement that the result be