1 of 1 DOCUMENT

**ROBERT FRISKNEY, Plaintiff, v. AMERICAN PARK & PLAY, INC., a Florida corporation, and WAYNE CULBERTSON and BETH CULBERTSON, individually, Defendants.**

**Case No. 04-80457-CIV-RYSKAMP/VITUNAC**

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA**

*2007 U.S. Dist. LEXIS 14619; 20 Fla. L. Weekly Fed. D 603*

**March 1, 2007, Decided**

COUNSEL: [*1] For Robert Friskney, on his own behalf and others similarly situated, Plaintiff. Alana Dawn Cappello, LEAD ATTORNEY, Fort Lauderdale, FL; Christopher Charles Sharp, Stuart A. Rosenfeldt, LEAD ATTORNEYS, Rothstein Rosenfeldt Adler, Fort Lauderdale, FL; Michael J. Lavery, LEAD ATTORNEY, Boynton Beach, FL.

For American Park & Play, Inc., a Florida corporation, Wayne Culbertson, individually, Beth Culbertson, individually, Defendants: Peter Theodore Mavrick, LEAD ATTORNEY, Peter T Mavrick PA, Fort Lauderdale, FL.

For Melissa Friskney, ThirdParty Defendant: Christopher Charles Sharp, LEAD ATTORNEY, Rothstein Rosenfeldt Adler, Fort Lauderdale, FL; Michael J. Lavery, LEAD ATTORNEY, Boynton Beach, FL.

For American Park & Play, Inc., Counter Claimant: Peter Theodore Mavrick, LEAD ATTORNEY, Peter T Mavrick PA, Fort Lauderdale, FL.

For Melissa Friskney, Robert Friskney, Counter Defendants: Michael J. Lavery, LEAD ATTORNEY, Boynton Beach, FL.

JUDGES: Kenneth L. Ryskamp, UNITED STATES DISTRICT JUDGE.

OPINION BY: Kenneth L. Ryskamp

OPINION

**OMNIBUS ORDER PARTIALLY GRANTING DEFENDANTS' MOTION FOR ATTORNEY'S FEES AND COSTS**

THIS CAUSE comes before the Court upon the Defendants' motion [*2] for attorney's fees and costs ]DE 245], filed on April 27, 2006. Plaintiff responded [DE 248] on May 18, 2006. Defendant replied [DE 252] on June 2, 2006. This Court held a hearing on the above motion on September 21, 2006.

On September 20, 2006, Defendants filed their motion for sanctions against Plaintiff's counsel for unnecessary multiplication of litigation and bad faith [DE 256]. Plaintiff responded [DE 263] on November 1, 2006. Defendants replied [DE 264] on November 12, 2006. Both motions are ripe for adjudication.

**I. INTRODUCTION**

Defendant/Counter-Plaintiff, American Park & Play, Inc. ("Park & Play"), is a Florida corporation engaged in the playground design and construction business. See Compl. [DE 1] at P 2. Plaintiff/Counter-Defendant, Robert Friskney ("Mr. Friskney"), performed work as a computer technology consultant for Park & Play from September, 2002 through September, 2003. See Counterclaim [DE 20], at PP 6, 12. Mr. Friskney alleges that during his employment, Park & Play failed to pay him overtime pay for hours worked in excess of forty (40) per week, in violation of the Fair Labor [*3] Standards Act ("FLSA"), *29 U.S.C. § 216.* See Compl. [DE 1] at P 9. He also alleges that Defendants failed to pay him his normal wages and commissions, a violation of Florida Law. *Fla. Stat. § 448.08.* Additionally, Mr. Friskney also claims that he was later terminated for refusing to submit to a lie detector test, in violation of the Employee Polygraph Protection Act ("EPPA"), *29 U.S.C. § 2002. Id.* at PP 11-13, 20-22. Plaintiff's Complaint [DE 1] asserts three counts for alleged violations of the FLSA, EPPA and *Fla. Stat. § 448.08.* This Court granted summary judgment in favor of the Defendants regarding the FLSA

2007 U.S. Dist. LEXIS 14619, *; 20 Fla. L. Weekly Fed. D 603

claim. Plaintiff voluntarily dismissed the EPPA claim. This Court then declined to exercise supplemental jurisdiction over the state law claim. Defendants now move to recover all of their attorney's fees and costs for all three claims.

## II. DISCUSSION

The two motions for costs and attorney's fees are identical in terms of the resuscitation of the factual and procedural background, exhibits provided, and arguments made. The difference between the [*4] two is that the first motion seeks recovery only from the Plaintiff while the second motion seeks recovery from Plaintiff's counsel.

### Motion for Fees and Costs against Plaintiff's Counsel

Final judgement in this case was entered on March 23, 2006 [DE 243]. According to *Local Rule 7.3*, Defendants had thirty days in which to file a motion for attorney's fees and costs against Plaintiff's counsel. In its original motion, Defendants did seek recovery pursuant to *28 U.S.C. § 1927*, but withdrew that claim in the reply. *See* Defendants' Reply at footnote 1. That motion was filed on April 27, 2006, which is within thirty days of the judgment.

The subsequent motion was filed on September 20, 2007, well outside of the thirty day time limit. In that motion, Defendants seek costs and fees against Plaintiff's counsel on two grounds: first, Defendants seeks recovery on the same grounds raised in the first motion, which they waived. Second, they seeks recovery for the conduct of Plaintiff's counsel in litigating the first motion for costs and fees. Aside from being filed out of time, there is no merit to this claim.

To prevail under *§ 1927*, Defendants [*5] must show that Plaintiff's counsel unreasonably and vexatiously multiplied the proceedings. The amount of sanctions cannot exceed the costs incurred from the complained of conduct. Counsel's conduct must constitute bad faith, which occurs when counsel "knowingly or recklessly pursues a frivolous claim or engages in litigation tactics that needlessly obstruct the litigation of non-frivolous claims." *Bernstein v. Boies, Schiller & Flexner, L.L.P., 416 F.Supp.2d 1329, 1331 (S.D. Fla. 2006)*. This determination is left to the discretion of the district court. *SCADIF, S.A. v. First Union Nat. Bank, 208 F.Supp.2d 1352, 1377 (S.D. Fla. 2002)*. No bad faith occurred here in the defense of the first motion. Plaintiff's counsel must defend against Defendants' first motion and cannot be sanctioned for making their best effort to defend the claim.

### Motion for Attorney's Fees and Costs Against Plaintiff

Prevailing parties must ordinally pay their own attorney costs and fees unless a statute specifically provides otherwise. *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Heath and Human Res., 532 U.S. 598, 121 S. Ct. 1835, 149 L. Ed. 2d 855, (2001)*. A party is [*6] considered to have prevailed when a court has rendered judgement, where a court has materially altered the legal relationship of the parties. *Id. at 603-04*.

In this case, the FLSA claim was dismissed upon Defendants' motion for summary judgement which constitutes a merits decision. The EPPA claim was voluntarily dismissed by the Plaintiff, which is not a merits decision. And the Court dismissed the remaining state law claim for lack of subject matter jurisdiction, which is not a merits decision. [1] Thus, Defendants 1 only prevailed on the FLSA claim.

> 1   *Florida Statute § 448.08* requires a party to have prevailed in order to recoup attorney's 1 fees or costs.

Defendants request attorney's fees and costs on each claim. Defendants have failed to cite any statutory authority that would entitle them to fees as a non-prevailing party. Moreover, even if these claims could be adjudicated based on a bad faith standard, the claims would fail under the same bad faith analysis [*7] that follows. *See* FLSA Attorney's Fees section below. Thus, the only claim upon which Defendants could be awarded fees and costs is the FLSA claim.

### FLSA Costs

Both parties agree that the Defendants are entitled to costs on the FLSA claim. A prevailing party is entitled to all costs incurred in the litigation of an FLSA claim and *§ 1920* lists costs for which a prevailing party can collect. In this case, however, Defendants have submitted some items that are not taxable under *§ 1920* and which are often absorbed as normal overhead. These items include electronic research expenses and electronic filing fees.

The court has discretion to determine whether the cost of computer research should be recoverable. *See O'Donnell v. Ga. Osteopathic Hosp., Inc., 99 F.R.D. 578, 581 (N.D. Ga. 1983)*. This Court recognizes that "[u]se of computer-aided legal research such as Lexis, or Westlaw, or similar systems, is certainly reasonable, if not essential, in contemporary legal practice." *Roberts v. Charter Nat'l Life Ins. Co., 112 F.R.D. 411, 413 (S.D. Fla. 1986)* (quoting *Wehr v. Burroughs Corp., 619 F.2d 276, 285 (3d Cir. 1980)*). [*8]   At the same time, "[w]hile computerized research is certainly an invaluable

Case 0:06-cv-01216-JMR-FLN   Document 405-6   Filed 02/12/09   Page 3 of 4

Page 3

2007 U.S. Dist. LEXIS 14619, *; 20 Fla L. Weekly Fed. D 603

tool which often saves considerable money over traditional research techniques, it is not always the most efficient method of research and in the hands of an inexperienced user (or one who has little incentive to keep costs low) can be quite wasteful." *Lachance v. Harrington, 965 F. Supp. 630, 651 (E.D. Pa. 1997).*

Although the Court recognizes that there are differing views on this issue, it is of the [2] opinion that expenses for computerized legal research are part of the general overhead of a law firm and are not compensable. *See In re Bicoastal Corp., 121 B.R. 653, 656 (Bkrtcy. M.D. Fla. 1990). See also U.S. v. Merritt Meridian Constr. Corp., 95 F.3d 153, 173 (2d Cir. 1996)* (holding district court did not abuse discretion in denying in full request for Westlaw costs, since "computer research is merely a substitute for an attorney's time. . and is not a separately taxable cost"); *Weinberger v. Great Northern Nekoosa Corp., 801 F. Supp. 804, 827-29 (D. Me. 1992)* (disallowing all computerized research expenses, which is "properly an item [*9] attributed to firm overhead"). As stated by one court:

> To accept the proposition that Lexis charges or any other computer research charges are compensable, one should also then conclude that the cost of acquisition of the lawyer's library and the cost of maintaining the library, even possibly, the depreciation of the law books would also be compensable. No one has ever urged such a proposition yet, but, of course, if one should, it would be clearly rejected as being without any justification.

*Bicoastal Corp., 121 B.R. at 656.*

2    Even where computerized legal research charges have been awarded, the law firm seeking reimbursement should "explain what particular activities were done on-line as opposed to what could have been done through traditional research techniques." *Lachance, 965 F. Supp. at 651.* In this case, Plaintiff's counsel has not explained the necessity of using electronic research, versus traditional research techniques.

Based on the foregoing, the [*10] Court denies recovery for any computerized legal research and electronic document retrieval expenses. Moreover, the FLSA claim was dismissed November 29, 2005, so any expenses incurred after that time cannot be recovered.

Unfortunately, the billing information submitted by the Defendants does not detail which costs were incurred in the defense of the FLSA claim as opposed to the defense of the other two claims. Thus, the award will be one third of the total costs submitted, minus, of course, the fees for electronic research and electronic filing fees.

**FLSA Attorney's Fees**

A prevailing defendant in an FLSA claim can only collect attorney's fees if a plaintiff filed the claim in bad faith, vexatiously, wantonly, or for oppressive reasons. *Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 258, 95 S. Ct. 1612, 44 L. Ed. 2d 141 (1975); Turlington v. Atlanta Gas Light Co., 135 F.3d 1428, 1437-38 (11th Cir. 1998).* Bad faith is a high standard that is rarely met. When attorney's fees are to be assessed against an individual, as opposed to an attorney, courts look to the conduct and motive of the party rather than the validity of the case to find bad faith. *Rothenberg v. Sec. Mgmt. Co. Inc., 736 F.2d 1470, 1472 (11th Cir. 1984).* [*11] Courts must take care not to engage in post hoc analysis of a case; in other words, court must not infer bad faith because a plaintiff did not prevail. *Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421-22, 98 S. Ct. 694, 54 L. Ed. 2d 648 (1978).*

Defendants argue that the Plaintiff conducted the litigation in "bad faith." Defendants argue that his time records were falsified and that the Plaintiff has a history of producing fraudulent documents. To support their argument, Defendants cite the substantial difference between the compensation Plaintiff requested upon termination, $ 2,003.04 versus the amount of wages he alleged in this suit, $ 148,862.36. Defendants cite Plaintiff's own deposition testimony where Plaintiff states that he was not specially qualified for the job and that the job did not seem that difficult to perform. Moreover, Defendants cite to the wages of other employees at the company to show that the wages that Plaintiff has alleged are significantly greater than what any other employee at the company was paid, including the CEO and President.

Finally, Defendants question the validity of Plaintiff's time sheets. Defendants argue that Plaintiff never showed the time sheet to anyone [*12] at Park & Play and that just after Plaintiff printed the document for this litigation, his hard drive crashed, thus making it impossible for the defense to investigate the forensic information contained in the hard drive. The time sheet also provided work entries for times where Plaintiff was not working due to an injury, vacation and sick leave. Defendants also contend that Plaintiff typically came to work at 9:00 or 10:00 a.m. and left between 4:00 and 5:00 p.m. They contend that if Plaintiff kept those hours, it would be impossible for him to amass the overtime wages that he claimed.

Since Defendants bring this claim only against Plaintiff, this Court must only consider the Plaintiff's

individual conduct and motives to determine bad faith. In considering all of the evidence presented and the high standard bad faith requires, this Court finds that Defendants did not prove that Plaintiff acted in bad faith.

In *Hargo v. Waters*, that defendant argued that plaintiffs filed the FLSA suit because they were angry at having been fired. That defendant cited plaintiffs' unwillingness to settle, the fact that they did not notify defendant that they were working overtime and did not keep [*13] records of hours worked. Additionally, that Court held that plaintiffs were not credible based on their testimony and trial demeanor. Even so, that Court held that the defendant failed to show bad faith.

In this case, this Court held a hearing regarding the attorney's fees motion. After considering the evidence provided in the motion, including the attached exhibits, and the arguments made during the hearing, this Court holds that Plaintiff's individual conduct did not rise to the level of bad faith. Although other Judges may have determined that Plaintiff was not credible, although the evidence upon which he made his claim may have been weak and although Plaintiff never gave the time sheets to Defendants, there is simply not sufficient evidence to show bad faith.

## III. CONCLUSION

Based on the foregoing, and after careful consideration of the motion and the record, it is hereby,

**ORDERED AND ADJUDGED** that:

(1) Defendants' motion for fees and costs against Plaintiff [DE 245] is **PARTIALLY GRANTED** as follows: Plaintiff must pay Defendants $ 977.73, for their costs in defending of the FLSA claim.

(2) Defendants' motion for fees and costs against [*14] Plaintiff's counsel [DE 256] is **DENIED.**

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this 1 day of March, 2007.

/s/ Kenneth L. Ryskamp

UNITED STATES DISTRICT JUDGE