# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2900
_____

| | |
|---|---|
| In re: UnitedHealth Group Incorporated Shareholder Derivative Litigation<br>_____<br><br>S. Michael Scheeringa,<br><br>       Objector-Appellant,<br><br>Jan Brandin, In the right of and for the benefit of UnitedHealth Group, Inc.; Jacksonville Police & Fire Pension Fund; Louisiana Municipal Police Employees' Retirement System; Louisiana Sheriffs' Pension & Relief Fund; Public Employees' Retirement System of Mississippi; St. Paul Teachers' Retirement Fund; Association; Fire & Police Pension Association of Colorado; Public Employees' Retirement System of Ohio; State Teachers' Retirement System of Ohio; Connecticut Retirement Plans and Trust Funds; Plaintiffs' Coordinating Committee,<br><br>       Plaintiffs-Appellees,<br><br>    v.<br><br>William W. McGuire, M.D.; Stephen J. Hemsley; William C. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*  Appeal from the United States<br>*  District Court for the District of<br>*  Minnesota.<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

| | |
|---|---|
| Ballard, Jr.; James A. Johnson; Thomas H. Kean; Douglas W. Leatherdale; Mary O. Mundinger; Robert L. Ryan; William G. Spears; Gail R. Wilensky; UnitedHealth Group, Inc.; James G. Carlson; Arnold H. Kaplan; David P. Koppe; David J. Lubben; Thomas P. McDonough; Jeannine M. Rivet; R. Channing Wheeler; Travers H. Wills; Richard T. Burke; Donna E. Shalala; Robert J. Sheehy, | * * * * * * * * * * * * * * |
| Defendant-Appellees. | * |

Submitted: November 16, 2010
Filed: January 26, 2011

_____

Before SMITH, BEAM, and BENTON, Circuit Judges.

_____

BEAM, Circuit Judge.

Objector-Appellant S. Michael Scheeringa challenges the district court's order requiring UnitedHealth Group, Inc., (UnitedHealth) to reimburse derivative counsel for online-research expenses that counsel incurred while litigating a shareholder-derivative suit that ended in a large recovery pursuant to a settlement agreement. In response, Appellees filed a motion to dismiss Scheeringa's appeal, arguing that he lacks standing under Federal Rule of Appellate Procedure 3(c) to pursue this appeal. We grant Appellees' motion and dismiss Scheeringa's appeal.

-2-

## I. BACKGROUND

This appeal arises out of a shareholder-derivative suit against the executives of UnitedHealth, which lasted more than three years before ending in the largest derivative settlement in United States history. Scheeringa is a shareholder who, at all relevant times, owned shares of stock in UnitedHealth. Appellees are UnitedHealth shareholders who served as lead plaintiffs in the derivative suit.

After years of litigation and months of negotiation, parties to the derivative suit reached an initial settlement agreement in 2007. On December 19, 2008, the district court[1] preliminarily approved the proposed settlement and scheduled a hearing to consider its fairness and adequacy. The hearing was set for February 13, 2009. The court also required UnitedHealth to notify all shareholders of the proposed settlement and of their rights as shareholders. The district court approved a Notice of Proposed Settlement of Derivative Lawsuits (Notice) on December 19, 2008, and UnitedHealth mailed it to all record shareholders on or before January 2, 2009. The Notice explained relevant details of the proposed settlement agreement and informed shareholders that derivative counsel intended to request reimbursement to "not to exceed" forty-seven million dollars in fees and expenses. It also notified shareholders that they had a right to object to any part of the settlement–including the request for attorneys fees and costs–and explained that, in order to exercise that right, a shareholder had to send a letter to the court no later than January 23, 2009. The Notice specifically said that, unless a shareholder filed an objection by this deadline, the shareholder waived his right to object to any part of the settlement–including attorneys fees and costs–and waived his right to appeal.

---

[1] The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota, now retired.

On January 30, 2009, derivative counsel filed a fee petition, detailing hours worked, hourly rates charged, and expenses incurred. After 5:00 p.m. on February 12, 2009–several weeks after the objection deadline and the day before the settlement hearing–Scheeringa filed a written objection to the settlement agreement. The objection noted Scheeringa did not wish to personally appear at the settlement hearing. In his objection, Scheeringa argued that the settlement agreement was unfair because the Notice sent to shareholders did not satisfy Federal Rule of Civil Procedure 23(h), that the attorneys fees were excessive, and that derivative counsel should not be reimbursed for costs associated with online legal research.

At the settlement hearing, the district court declined to consider Scheeringa's objection because it was untimely. After hearing arguments from the parties, the court approved the settlement agreement and awarded $29,253,853 in attorneys fees and $514,591.78 in litigation expenses, including $175,000 in computer research costs.

Scheeringa filed the instant appeal, arguing that the Notice approved by the district court did not comply with the requirements of Federal Rule of Civil Procedure 23(h) and that the district court abused its discretion by reimbursing derivative counsel for online-research expenses. In October 2010, Scheeringa filed a motion to withdraw the portion of his brief arguing that the Notice UnitedHealth sent out did not comply with the requirements of the Federal Rules of Civil Procedure; Scheeringa conceded that his argument was based on a misreading of Federal Rule of Civil Procedure 23(h), which applies only to certified class actions and not to shareholder derivative suits. Appellees filed a motion to dismiss Scheeringa's appeal for a lack of appellate standing. Both Scheeringa's appeal and Appellees' motion to dismiss are before us.

## II.   DISCUSSION

### A.   Appellate Standing

Appellees argue that Scheeringa does not have a right under Federal Rule of Appellate Procedure 3(c) to pursue this appeal because he was not a party to the derivative suit and he did not intervene below. We have not yet decided whether a shareholder who is not a named plaintiff in a derivative action must formally intervene in order to appeal the settlement of that derivative suit, and we do not decide that question today. Rather, we grant Appellees' motion and dismiss Scheeringa's appeal on a more fundamental ground; because Scheeringa did not timely object with the district court, he has no right to appeal its order.

As a general rule, only parties to a lawsuit have the right to appeal an adverse judgment. Karcher v. May, 484 U.S. 72, 77 (1987). The Supreme Court has carved out narrow exceptions to this rule. Scheeringa argues that one of those exceptions applies here. He relies on Devlin v. Scardelletti, where the Supreme Court held that, in a certified class action under Federal Rule of Civil Procedure 23, an unnamed class member with no opportunity to opt-out of the class could appeal the district court's approval of the settlement without intervening in the suit. 536 U.S. 1, 14 (2002). Appellees counter that Devlin is limited to certified class actions and does not apply to shareholder-derivative suits. Neither the Supreme Court nor we have decided whether the Devlin exception extends to non-party shareholders who wish to appeal a derivative-suit-settlement agreement.[2]

---

[2] There is some support for requiring shareholders that wish to appeal to intervene–even though non-named class members are not required to do so–because of the unique characteristics of a derivative suit, see Felzen v. Andreas, 134 F.3d 873, 875-76 (7th Cir. 1998), but the majority of courts to consider the question have not required would-be-appellant shareholders to intervene. See Kaplan v. Rand, 192 F.3d 60, 67 (2d Cir. 1999); Bell Atl. Corp. v. Bolger, 2 F.3d 1304, 1310 (3d Cir. 1993).

However, regardless of its scope, Devlin does not control this case. Scheeringa failed to take a basic step that the appellant in Devlin took: Scheeringa did not file a timely objection with the district court. We hold that–at a minimum–a shareholder must file a timely and proper objection with the district court before appealing a settlement agreement. See In re Integra Realty Res., Inc., 354 F.3d 1246, 1257-58 (10th Cir. 2004) (dismissing appeal where objector failed to follow proper procedure for filing objection). This requirement follows from the fundamental principle of waiver. Devlin, 536 U.S. at 13 (dealing with untimely objections "implicates basic concerns about waiver and should be easily addressable by a court of appeals"). A shareholder–or an unnamed class member for that matter–must file a timely objection pursuant to district court procedure, or else he loses any right he would have otherwise had to appeal a settlement agreement.

The district court properly determined Scheeringa's objection was untimely. In contrast to the more extensive requirements governing notice in certified class actions, the rule governing derivative actions requires only that notice be given to shareholders in "the manner that the court orders." Fed. R. Civ. P. 23.1(c). Here, the district court set a deadline for objections and approved the Notice that UnitedHealth sent out to all shareholders. The district court did not err by declining to consider Scheeringa's objection, which was filed twenty days after the objection deadline and less than twenty-four hours before the settlement hearing. Scheeringa originally argued that the district court erred by finding his objection was untimely because its decision was based on notice that was inadequate under Rule 23(h). However, Scheeringa withdrew this argument, conceding that the more elaborate requirements that apply to certified class actions do not apply to shareholder derivative suits. Aside from the withdrawn argument, Scheeringa's brief contains no argument that his objection should have been considered timely filed.

At oral argument, Scheeringa urged that he should not be penalized for the tardiness of his objection to online-research costs because derivative counsel did not

file detailed fee statements until after the objection deadline. Scheeringa cited no authority for this argument. We interpret this argument as challenging the sufficiency of notice provided and conclude it is meritless.

The purpose of a settlement notice is to provide "shareholders with sufficient information for them to make a 'rational decision whether they should intervene in the settlement approval procedure.'" Maher v. Zapata Corp., 714 F.2d 436, 451 (5th Cir. 1983) (quoting Wright & Miller, Federal Practice & Procedure: Civil § 1839 (1972)). The Notice that UnitedHealth sent out served this purpose. It discussed in detail the terms of the settlement and included an estimate of the fees and expenses that would be requested. Further, it provided a toll free number that allowed shareholders to obtain more information. While the notice did not specifically itemize all expenses, a notice need not be a complete source of information about a settlement agreement, and shareholders are not permitted to rely on it as such. Grunin v. Int'l House of Pancakes, 513 F.2d 114, 122 (8th Cir. 1975); Petrovic v. Amoco Oil Co., 200 F.3d 1140, 1153 (8th Cir. 1999) ("It is well settled that the notice is not required to provide a complete source of information.") (quotations and citations omitted). The notice here was adequate because it provided Scheeringa with sufficient information to either object to the estimated requests for attorney fees and expenses or to inquire further about potential objections.[3] See Grunin, 513 F.2d at 122 (noting that it was sufficient if a notice contained a general summary of benefits to class members and an "estimation" of attorneys fees and expenses). Scheeringa neither objected to the fees nor inquired further until the eve of the settlement hearing.

---

[3]Further, Scheeringa could have filed a timely objection with the district court about any relevant information he believed was missing from the Notice–namely the detail about expenses that would be submitted by derivative counsel–and requested an extension of time so that he could examine the detailed fee report before objecting. Again, he failed to do so.

Timely objection is a requirement for a shareholder to appeal a settlement agreement reached in a derivative action. Scheeringa did not timely object and, therefore, has no right to pursue this appeal.

### B.     Merits

Even if we were to reach the merits of Scheeringa's claim, we would affirm the district court's reimbursement of online-research expenses. Awards of fees and expenses are committed to the sound discretion of the district court. Petrovic, 200 F.3d at 1145. Scheeringa has not established that the district court abused its discretion by reimbursing derivative counsel for online-research costs.

Scheeringa argues that the district court abused its discretion because, under Eighth Circuit precedent, online-research expenses are not reimbursable as a matter of law. In support of this argument, he cites Standley v. Chilhowee R-IV School District, 5 F.3d 319 (8th Cir. 1993) and Leftwich v. Harris-Stowe State College, 702 F.2d 686 (8th Cir. 1983). However, Scheeringa overstates the reach of those cases. Standley and Leftwich both involved the reimbursement of costs under fee-shifting statutes. Districts courts in this circuit have found these cases do not control where, as here, expenses are being reimbursed pursuant to a negotiated settlement. See, e.g., Yarrington v. Solvay Pharm., Inc., 697 F. Supp. 2d 1057, 1067 (D. Minn. 2010). We agree.

The district court did not abuse its discretion in reimbursing derivative counsel for online-research costs in this case. The Supreme Court has noted that reasonable attorneys fees include litigation expenses when it is "the prevailing practice in a given community" for lawyers to bill those costs separately from their hourly rates. Missouri v. Jenkins, 491 U.S. 274, 287 (1989). This is how online research typically works in practice. InvesSys, Inc. v. McGraw-Hill Cos., Ltd., 369 F.3d 16, 23 (1st Cir. 2004) ("As configured by the provider, computer-aided research is often a variable

cost in an individual case–that is, the cost varies (from zero upward) depending on the amount of Westlaw or Lexis service used in the case."). The prevailing view among other circuits is to permit awards to reimburse counsel for the reasonable costs of online legal research. Id.; Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 369 F.3d 91, 98 (2d Cir. 2004); In re Continental Illinois Sec. Litig., 962 F.2d 566, 570 (7th Cir. 1992). The district court did not abuse its discretion by doing so here.

Further, contrary to concerns raised by Scheeringa, this will not result in unfair double billing. Electronic research services "presumably save money by making legal research more efficient." Role Models Am., Inc. v. Brownlee, 353 F.3d 962, 975 (D.C. Cir. 2004). The cost of online research is normally matched with a reduction in the amount of time an attorney researches. Haroco, Inc. v. American Nat. Bank & Trust Co. of Chicago, 38 F.3d 1429, 1440-41 (7th Cir. 1994). "[I]f reimbursement at market rates is disallowed, the effect will be to induce lawyers to substitute their own, more expensive time for that of . . . the computer." In re Continental Illinois Sec. Litig., 962 F.2d at 570.

Because Standley and Leftwich do not control, and because it is reasonable to reimburse derivative counsel for online-research services, the district court did not abuse its discretion by reimbursing derivative counsel for online-research expenses.

## III.   CONCLUSION

For the foregoing reasons, we dismiss Scheeringa's appeal.

_____